JOHN H. WIEST, Appellant, v. UNITED STATES
HEALTH & ACCIDENT INSURANCE COM-
PANY OF SAGINAW, MICHIGAN, Respon-
dent.

**St. Louis Court of Appeals, December 8, 1914.**

1. **ACCIDENT INSURANCE: Loss of Hand or Foot: Construction of Policies.** Where an accident insurance policy provides for indemnification against "loss" of a hand or foot, actual physical severance of such member is not necessary to warrant a recovery, but it is sufficient if insured is wholly and permanently deprived of the use thereof; and even where the policy provides that "loss" means "actual amputation," it is not essential to a recovery that the entire member be severed, but is sufficient if so much thereof is severed as to leave the remainder useless for all practical purposes.

2. **INSURANCE: Construction of Policy.** Any ambiguity or uncertainty of meaning in an insurance policy should be resolved in favor of insured and against insurer.

3. **ACCIDENT INSURANCE: Loss of Hand: Severance: Policy Construed.** An accident insurance policy indemnifying against loss of a hand, but which provides that such loss shall mean "loss by severance at or above the wrist joints," does not cover a loss of the entire hand with the exception of the little finger and a portion of the palm supporting it, although such finger and portion of the palm are permanently paralyzed and of no use or service to insured.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Henry B. Davis, Charles Erd and Carlisle Durfee* for appellant.

(1) Where the policy provides for the payment of an indemnity for the loss of one entire hand or foot, or the loss of two entire hands or feet, it is not necessary, in order to recover thereunder, that

there should be an actual physical severance of the member from the body. Any loss which renders it practically useless is sufficient. 1 Cyc. p. 272, and cases cited; 5 Words & Phrases, p. 4236; Sisson v. Sup. Ct. of Honor, 104 Mo. App. 60; Sheanon v. Pac. Mut. Ins. Co., 77 Wis. 618; Lord v. Am. Mut. Acc. Assn., 89 Wis. 19; Sneck v. Trav. Ins. Co., 88 Hun 94; Gahagan v. Morrisey, 3 Lack. Leg. N. 168; Garcelon v. Com. Trav. Assn., 184 Mass. 8; Fuller v. Locomotive Eng. Mut. Life & Acc. Ins. Assn., 122 Mich. 548. (2) The rule is well settled by an unbroken line of decisions in Missouri, that where the provisions of a policy are capable of two interpretations, that meaning must be applied which is the most favorable to the assured, even though it was intended otherwise by the insurer. Mathews v. Modern Woodman, 236 Mo. 326; Stix v. Indemnity Co., 175 Mo. App. 171; Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 265; Head v. Ins. Co., 241 Mo. 403; Renshaw v. Ins. Co., 103 Mo. 597; Brown v. Assurance Co., 45 Mo. 221; Mining Co. v. Casualty Co., 162 Mo. App. 191; Renn v. Supreme Lodge, 83 Mo. App. 442, 447; Cunningham v. Union C. &. S. Co., 82 Mo. App. 614; Norman v. Ins. Co., 74 Mo. App. 456; Burnett v. Ins. Co., 68 Mo. App. 343; Hoffman v. Ins. Co., 56 Mo. App. 301; Ethington v. Ins. Co., 55 Mo. App. 129; Hale v. Ins. Co., 46 Mo. App. 508; La Force v. Ins. Co., 43 Mo. App. 530.

*Collins, Barker & Britton* and *C. K. Rowland* for respondent.

It is the duty of courts to construe contracts and to ascertain their meaning from all of the provisions thereof and not from single words or phrases or sentences, but, when there is no ambiguity or uncertainty in the terms used, there is no room for the application of the technical rules of construction. Matthews v. Modern Woodmen, 236 Mo. 342; Meyer v. Christopher,

176 Mo. 549; Calloway v. Henderson, 130 Mo. 77; Lovelace v. Travelers, Etc., 126 Mo. 105; Carr v. Lackland, 112 Mo. 460; Koehring v. Muemminghoff, 61 Mo. 407; Stix v. Indemnity Co., 175 Mo. App. 179; Counts v. Medley, 163 Mo. App. 555; Johnson v. Dalrymple, 140 Mo. App. 241; Webb v. Ins. Co., 134 Mo. App. 580; Realty Company v. Brewing Assn., 133 Mo. App. 268; Walker v. Automobile Co., 124 Mo. App. 636; Magin v. Lancaster, 100 Mo. App. 130; Mo. Edison Co. v. Bry, 88 Mo. App. 138; Trust Co. v. York, 81 Mo. App. 346; Sachleben v. Wolff, 61 Mo. App. 36.

ALLEN, J.—This is a suit upon an accident insurance policy, for the recovery of the "principal sum" of the policy, to-wit, $2,000, for the alleged "loss of one hand" by the assured within the meaning of the contract of insurance. Plaintiff suffered a nonsuit below, and, after unsuccessfully moving to have the same set aside, has appealed to this court.

By the policy sued upon the respondent company agreed to pay the said principal sum thereof for (among other things) the "loss of one hand," sustained by the assured solely through external, violent and accidental means. Immediately following this section of the policy referring to specific losses appears the following stipulation, viz:

"In every case referred to in this policy, the loss of any member or members above specified shall mean loss by severance at or above the wrist joints or ankle joints."

The evidence is to the effect that plaintiff received injuries to his left hand, solely through external, violent and accidental means, necessitating the amputation of the greater part thereof. The thumb and first three fingers were removed, together with a large portion of the palm, leaving only the little finger and a part of the palm supporting it. As a result of the injury, however, the little finger and the portion of the

palm remaining were found to be permanently paralysed and of no use or service to the assured. Plaintiff has therefore lost the entire use of his hand, as completely as if the same had been severed at the wrist joint.

It is conceded that plaintiff proved all of the facts necessary to entitle him to a verdict for the principal sum of the policy, provided a recovery thereof may be had under the policy upon evidence disclosing the total loss of the use of the hand, as above stated, without proof of the actual physical severance thereof at or above the wrist joint.

It is well settled that where, in an insurance contract of this character, the insurer indemnifies against the "loss" of a hand or of a foot, actual physical severance of such member is not necessary to authorize a recovery under the policy, but it is sufficient if the assured has been wholly and permanently deprived of the use thereof. If by injury within the terms of the contract, the assured has been entirely deprived of the use of such member, he has suffered a "loss" thereof, within the meaning of this term, as fully as though the same had been actually amputated. [See Sisson v. Supreme Court of Honor, 104 Mo. App. 54, 78 S. W. 297; Sheanon v. Insurance Co., 77 Wis. 618; Lord v. Accident Ass'n., 89 Wis. 19; Supreme Court of Honor v. Turner, 99 Ill. App. 310; Fuller, Accident & Employers' Liability Insurance (1913) p. 350, et seq; 2 Bacon, Benefit Societies and Life Insurance (3 Ed.) sec. 502; 1 Am. and Eng. Ency. Law, p. 301; 1 Cyc. 272.]

And where the contract of insurance indemnifies the assured for "loss by severance" of one hand, instead of insuring against the "loss of a hand," it is held not to be necessary that the entire hand, anatomically speaking, be removed; but if a large portion thereof be severed, and that which remains be abso-

lutely useless, the insured may recover as for the loss of a hand by severance.

In Sneck v. Insurance Co., 88 Hun 331, the policy provided that the assured would be entitled to receive a certain sum "if loss by severance of one entire hand or foot" should result from injuries of the character insured against. About one-half of the assured's hand was cut off by a planer, and the evidence was that the remainder thereof was absolutely useless. It was said that the undertaking to indemnify the assured against loss by severance of one entire hand had reference not alone to an injury which required the amputation of the entire hand, in the strict anatomical sense, but that the effect as well as the extent of the loss by severance was to be considered in determining whether, within the terms of the contract, the "entire hand" was gone. And it was said that the specification in the policy was intended to refer to the manner, rather than to the exact physical extent, of the injury.

And where it is provided that the "loss" of an arm or leg shall mean "actual amputation," it is not necessary to a recovery that the entire arm or leg shall have been severed. It is sufficient if so much thereof is severed as to leave the remainder useless for all practical purposes to which it may be put by the assured.

In Garcelon v. Accident Ass'n., 184 Mass. 8 (100 Am. St. Rep. 540), it was held that the amputation of an arm four inches below the elbow, was a "loss" of the arm within the meaning of a stipulation to the effect that the word "loss" as applied to arm or leg should mean "actual amputation."

And in Gahagan v. Morrisey, 19 Pa. Co. Ct., 238, 6 Pa. Dist. R. 135, where the contract of insurance provided that for the "loss of a hand at or above the wrist joint" the insured should be considered totally disabled, it was held that the entire loss of the use of

the hand might be fairly regarded as coming within the legitimate application of the terms of the policy.

In none of these cases, however, was the language employed in the contract of insurance such as that contained in the clause before us. Where the assured has lost the entire use of a hand by the severance of a large portion thereof, he may be said to have suffered a "loss" of the hand "by severance," as was held in Sneck v. Insurance Co., supra. And though it is provided that the word "loss" shall mean actual amputation, the amputation of an arm below the elbow may well be regarded as the loss of the arm within the meaning of this stipulation, as in Garcelon v. Accident Ass'n., supra. In such case the assured, by "severance" or "amputation," has suffered a loss of the member in question, in that he has, in such manner, lost the entire use thereof.

Likewise it may well be held "that the loss of a hand at or above the wrist joint" is sustained where the assured has lost the total use of a hand, as in Gahagan v. Morrissey, supra; for then the assured has lost the use of the hand to the extent specified, to- wit, to the writ joint.

But here the policy provides that the loss of a hand shall mean loss by *severance at or above the wrist joint*. Not only is it provided that the loss of such member shall be by physical severance thereof, but the extent of such loss is made exact and definite by locating the precise point at or above which such severance shall take place.

In Fuller v. Insurance Ass'n., 122 Mich. 548, it was held that a by-law of a mutual benefit association providing that any member receiving bodily injuries which alone should "cause amputation of a limb (whole hand or foot)" would be entitled to certain benefits, did not cover the case of an amputation of about one-third of the foot, though the foot was ren-

dered useless for the performance of its natural functions.

And in Chevaliers v. Shearer, 27 Ohio Cir. Ct. R. 509, the constitution of the association defined "the loss of a hand" as meaning "amputation at or above the wrist." As a result of injuries, plaintiff's right arm was permanently disabled, whereby he lost the entire use thereof, but neither the arm nor hand had been amputated. It was held that the plaintiff could not recover.

In the instant case, had the provision of the policy agreeing to indemnify plaintiff in the amount of the principal sum of the policy for the "loss of one hand" stood entirely alone, and unaffected by any other provision thereof, beyond doubt plaintiff would have been entitled to recover, having lost the entire use of his hand. However, the very next paragraph of the policy provides, in unmistakable terms, what shall be meant by the "loss of one hand," to-wit, the loss thereof by severance at or above the wrist joint. Plaintiff has not suffered a loss of his hand by severance at or above the wrist joint; and if effect is to be given to the last mentioned provision plaintiff's case must fail.

If any ambiguity or uncertainty of meaning could be said to inhere in the pertinent provisions of the policy, it would readily be resolved in favor of the insured and against the insurer. Such is the well established and wholesome doctrine with respect to the construction of insurance contracts. As is said by LAMM, J., in Mathews v. Modern Woodmen, 236 Mo. l. c. 342, 139 S. W. 151:

"It is a just and settled rule that the restrictive terms of insurance contracts shall be taken most strong against the insurer. The doctrine of *contra proferentem* is strictly applied with unaccommodating vigor, and . . . ambiguities are blandly resolved in favor of the insured."

If it appeared that the portions of the policy under consideration, when read and construed together, were at all ambiguous or of doubtful import, we should not hesitate in the least to "blandly" resolve such ambiguity or doubt in favor of the insured. Indeed, the policy, should, if possible, be construed so as to effectuate the insurance and not to defeat it; for the indemnity is the very object and purpose of the contract, for which the insured has paid a consideration. [See Stix v. Indemnity Co., 175 Mo. App. 171, 157 S. W. 870.]

But it appears that the defendant has chosen apt language to indicate that it does not agree to indemnify the insured for the loss of a hand, unless such loss shall consist in the actual physical severance of the hand at or above the wrist joint. It is by no means likely that the policy-holder so understood, or that he would knowingly have accepted the policy with such restrictive limitations upon his right to recover the indemnity for the loss of a hand or foot; but we can find the intention of the parties only from the language employed in the contract, having regard to the rules of interpretation which may be applied to contracts of this character. We cannot "blandly" construe the troublesome provision out of the contract, and disregard it altogether; for however great may be our inclination or duty to protect a policy-holder against intricate or obscure technical provisions designed for the avoidance of liability on the part of the insurer, we cannot make a contract for the parties.

The stipulation in question, as we have said, follows immediately that portion of the policy providing for specific losses, in the same type in which the body of the policy is printed. Its meaning appears to be plain and unmistakable. It pointedly defines what shall constitute the "loss of a hand" so as to entitle the assured to the indemnity provided therefor. Under the circumstances it cannot well be said to consti-

tute a "snare to the unwary" such as is denounced in LaForce v. Insurance Co., 43 Mo. App. 530.  See, also, Stark v. Insurance Co., 176 Mo. App. 574, 159 S. W. 758.  Nor do we perceive any ground upon which plaintiff may properly be relieved from the effect thereof.

Our conclusion is that the learned trial judge committed no error in forcing plaintiff to a nonsuit. The judgment must therefore be affirmed.  It is so ordered.  *Reynolds, P. J.,* and *Nortoni, J.,* concur.