HARDIN v. CONTINENTAL CASUALTY CO. (No. 213.)

(Court of Civil Appeals of Texas. Beaumont. May 24, 1917. Rehearing Denied June 13, 1917.)

1. INSURANCE ☞665(5) — ACCIDENT INSURANCE—EVIDENCE—ADMISSION.

In an action on an accident insurance policy, evidence *held* to sustain a finding that plaintiff's hand was not completely severed at the wrist within the meaning of a provision of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1719, 1721, 1722.]

2. INSURANCE ☞146(1) — ACCIDENT INSURANCE—POLICY—CONSTRUCTION.

A provision of an accident policy insuring against the loss of a hand by complete severance at or above the wrist is not uncertain or ambiguous.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 296, 297.]

3. INSURANCE ☞146(3) — ACCIDENT INSURANCE—POLICY—INSTRUCTION.

As policies of accident insurance are prepared by insurance companies for ready use and contain much printed matter and many provisions modifying one another, the meaning of which cannot be readily understood by the average person purchasing such policies, a policy of this character should be strictly construed against the company issuing it and construed in favor of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 295.]

4. APPEAL AND ERROR ☞1010(1)—REVIEW—FINDINGS.

A finding of the trial court will be conclusive upon appeal, even if the appellate court should be of the opinion that the trial court did not find in accordance with the preponderance of the evidence adduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981, 4024.]

Appeal from District Court, Hardin County; L. B. Hightower, Sr., Judge.

Action by William H. Hardin against the Continental Casualty Company. Judgment for plaintiff, but denying him recovery on his first cause of action, and he appeals. Affirmed.

William Glover, of Temple, and Chas. L. Black, of Austin, for appellant. F. J. & C. T. Duff, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellant, William H. Hardin, against the appellee, the Continental Casualty Company, a corporation doing business in this state and engaged in a general accident and life insurance business. Appellant alleged that the appellee had issued to him, and that he was the holder of a certain policy of accident insurance, whereby the appellee insured him against the loss, by reason of the happening of an external, violent, and purely acci-

dental event, of either of his hands in the principal sum of $1,000, and further bound itself to pay him $15 as a fee for any necessary surgical operation in the amputation of a hand; and further alleged that on or about the 1st day of January, 1916, appellant lost his left hand, by a complete severance at the wrist by the happening of an external, violent, and purely accidental, event, solely and independently of all other causes, and that it became necessary to amputate his hand at the wrist because of such injury, and that same was amputated, and that, by reason of said facts, appellee became liable to pay appellant the sum of $1,015. Appellant further alleged that he had duly demanded the payment of said sum, and that appellee had failed and refused to pay the same for more than 30 days after such demand, and before filing of suit, and therefore appellee became liable to pay him, as holder of such policy, in addition to said amount, 12 per cent. damages on the same, together with a reasonably attorney's fee, which he alleged to be $500. Appellant further alleged, in the alternative, that if, under the policy, the court should hold that he was not entitled to recover on account of the loss of his hand, then he be awarded recovery under the provisions of the policy for 15 weeks' loss of time, at $15 per week, together with 12 per cent. damages thereon, and a reasonable attorney's fee. Appellee, defendant below, filed its answer, interposing general and special demurrers, the disposition of which is immaterial here, and also by general denial, and further specially answered, admitting that appellant was injured under the terms and conditions named in the policy, as set out in his petition, and further alleged that he was entitled to recover $15 per week for six weeks' loss of time, under the provisions of said policy, and that appellee had tendered him said amount, and again tendered the same by this pleading, and praying to be discharged with its costs. Upon trial before the court without a jury, judgment was rendered in favor of appellant, awarding him $15 per week for eight weeks' total loss of time, $15 for surgical operation, and $25 as attorney's fee, making a total of $160. The court further denied appellant recovery on his first cause of action set up in his petition, whereby he sought to recover the $1,000 for loss of his hand and 12 per cent. damages and attorney's fee on account of loss of said hand, and held that appellant was not entitled to recover as for the loss of his hand under the provision of said policy, and as to that cause of action found in favor of appellee. The judgment of the court in denying appellant recovery on his first cause of action, as claimed, was duly excepted to, and appeal therefrom duly perfected to this court.

The record discloses that appellee did issue to appellant a policy of accident insurance, whereby appellee insured appellant against the loss, by accident, of one hand, in the prin-

cipal sum of $1,000, and promised to pay an operation fee of $15, if an injury covered by the policy should necessitate the amputation of a hand. Under part 3 of the policy, it is provided that, if injury did not result in the loss of a hand, the company would pay for loss of time a weekly indemnity of $15 during the period appellant should be disabled and under treatment of a physician or surgeon. The loss, as used with reference to hand or foot, is defined by the policy to be a complete severance at or above the wrist or ankle.

It was proved upon the trial that the appellant's hand was amputated, so that all the phalanges or finger bones were gone, except the proximal one-half of the first phalanx of the thumb, all of the fifth metacarpal bone is gone, all of the second, third, and fourth metacarpal bones are gone, except the proximal heads of same, and that there remain of the hand the proximal heads of the second, third, and fourth metacarpals, the proximal half of the first phalanx of the thumb, all of the first metacarpal, and all of the rest of the bones of the hand. It was agreed upon the trial of the case between the parties that the human hand is composed of: Scaphoid, semilunar, cuneiform, pisiform, trapezium, trapezoides, os magnum, and the unciform bones and five metacarpal bones and fourteen phalanges.

The trial court filed his findings of fact and conclusions of law, which were as follows:

### "Findings of Fact.

"I find that the plaintiff was insured in the Continental Casualty Company by policy No. 2956010 on the date of the alleged injury, a correct copy of which is set out in the plaintiff's first amended petition, to wit, January 1, 1916.

"I find that the plaintiff was, on the 1st day of January, 1916, injured by the happening of an external violent and purely accidental event solely and independent of all other causes, and that on same date a surgical operation became necessary because of such injury, and that a legally qualified physician and surgeon did on said date, to wit, January 1, 1916, perform a surgical operation on plaintiff's left hand, and removed all the phalanx or finger bones except a portion of the first or upper phalanx of the thumb, all the metacarpal bones except the proximal heads of the second, third and fourth metacarpal bones and the metacarpal bones of the thumb. None of the carpal bones of the hand were removed. I find that by reason of such operation and injury the plaintiff was on the 1st day of January, 1916, and continuously thereafter, wholly disabled from performing each and every duty pertaining to his occupation for the consecutive period of eight weeks.

"I find that plaintiff complied with the terms of the policy under which he was insured, relative to giving the defendant company notice of his injury. I further find in this connection that the plaintiff did not make demand upon the defendant company for the principal sum named in the policy, to wit, $1,015, until the 25th day of February, A. D. 1916. I further find that after demand was made for the principal sum named in said policy, to wit, $1,015, that more than 30 days elapsed after such demand before this suit was filed.

"I find that on April 4, 1916, the defendant:

company tendered to the plaintiff weekly indemnity for six weeks and one day and $15 surgical fee amounting to a total of $105, and that plaintiff refused to accept such tender in settlement of his claim under the policy.

"I find that the policy carried by plaintiff provided for a principal sum of $1,000 and a weekly indemnity of $15 and a surgical fee of $15 for amputation of a hand.

"I further find by the terms of the policy that the principal sum of $1,000 was only to be paid for the loss of either hand, and that, by the terms of the policy, the loss of a hand means a complete severance of the hand at or above the wrist.

"I find that no portion or part of plaintiff's hand was completely severed at or above the wrist, but in this connection find that all the phalanx or finger bones of the second, third, fourth, and fifth fingers were completely severed; that the second joint or section of the thumb was completely severed; that a portion of the first section of the thumb was severed. I find that the fifth metacarpal bone was completely severed in the joint or at its articulation with the carpal bones. I find that the second, third, and fourth metacarpal bones were removed just below the joints or articulation of the same with the carpal bones. and I here refer to the photograph and drawings in the statement of facts to show the exact point of severance.

### "Conclusions of Law.

"I conclude as a matter of law the facts, as above found by me, that the plaintiff was not entitled to recover the principal sum for loss of a hand by complete severance at or above the wrist, but that he is entitled to recover the weekly indemnity named in the policy for a period of eight weeks; that being the time shown by the evidence that the plaintiff was, after the accident, continuously under the treatment of a legally qualified physician or surgeon by reason of such injury.

"I further conclude that the language used in the provision of the policy relative to the loss of a hand is not uncertain or ambiguous, and that it plainly states that the principal sum is not to be paid for the loss of the use of a hand, but for the loss of a hand by a complete severance at or above the wrist.

"I am also of the opinion that the defendant, having failed to tender the full amount due for weekly indemnity within the proper time, and having failed to tender it after suit was brought, it should be taxed with the costs of this court and a reasonable attorney's fee of $25."

Appellant presents in his brief seven assignments of error upon which he seeks a reversal of the trial court's judgment, all of which assignments, as we understand them, raise, substantially, the same question. By these assignments, appellant challenges the correctness of the trial court's judgment in refusing to find and hold that appellant was entitled to recover on his first cause of action set out in his petition; that is to say, he claims that the court should have rendered judgment in his favor for the principal sum of $1,000, for the complete severance of his left hand at the wrist, as provided for in said policy, and for $15 for surgical operation performed on his hand, and for 12 per cent. as damages for failure to pay that sum after due notice to appellee, and demand therefor, and also the further sum of $250 as a reasonable attorney's fee for bringing this suit.

In line with these assignments of error.

which we will treat as virtually the same, and as being one, it is contended by appellant that the undisputed evidence, and, if not the undisputed evidence, then the preponderance of the evidence adduced on the trial, showed that his left hand was completely severed at the wrist, in contemplation of the meaning of the policy above mentioned, and that therefore the court erred in his findings of fact in not so finding and holding, and in not rendering judgment in favor of appellant for the sum of $1,000, in accordance with the terms of the policy, and also for the $15 operation fee, and $250 as a reasonable attorney's fee.

[1-3] We have very carefully gone over the entire evidence as contained in the statement of facts, and we have reached the conclusion that the court's finding of fact, to the effect that appellant's hand was not completely severed at the wrist, in contemplation of the provision of the policy, has sufficient support in the evidence to sustain such finding, and we therefore conclude that such finding of fact on the part of the trial court must be sustained. It certainly cannot be successfully contended that the court's finding of fact on this point is against the undisputed evidence in the record. Appellant has filed an exhaustive brief in this case, and cites many authorities, which hold, in substance, that a policy of insurance, of the character in question, should be liberally construed in favor of the holder of the policy, and that where such policy is of doubtful import or meaning, or where there is any ambiguity, or where the same is susceptible of two constructions, one of which would permit recovery by the holder, and the other would not, then such policy should always receive that construction most favorable to the holder, and recovery should be permitted him. With this contention, as a legal proposition, this court heartily agrees, because we think that the rule contended for is a most reasonable and just one. Policies of this character, as is well known, are prepared by insurance companies for ready use, and are usually lengthy and contain much printed matter, and many clauses and provisions modifying and qualifying one another, the meaning and effect of which cannot be readily understood by the average person purchasing such policies, and therefore it is but reasonable and just that such policies should be most strictly construed against the company issuing same; and in this case, if this court had any reasonable doubt of the correctness of the trial court's judgment construing the policy in question, it would feel inclined to reverse the judgment. But, after careful consideration of the entire evidence, we are of opinion that it is shown by at least a preponderance of the evidence that appellant's hand was not completely severed "at the wrist," as provided in this policy, and in accordance with the clear

meaning of the same, but, on the contrary, we think a preponderance of the evidence shows that appellant's hand, or such part of same as was amputated, was not severed at the wrist, in contemplation of this policy, even if we apply the most liberal rule to its construction. Bigham v. Clubb, 42 Tex. Civ. App. 312, 95 S. W. 675. It is certainly contemplated by the terms of this policy that the hand must be severed, and not only a portion, or a larger portion of the hand, and that such severance must be complete and take place at the wrist. But in this case the evidence shows that not all of the hand was severed, much less does it show that the entire hand was severed at the wrist.

[4] The state of the evidence on this point is such that the finding of the trial court would be conclusive on this court, even if we should be of the opinion that the court did not find in accordance with a preponderance of the evidence adduced. Best v. Kirkendall, 107 S. W. 932; Thigpen v. Russell (Mo. App.) 118 S. W. 1080. Innumerable authorities on this point might be cited, but the rule is too well understood to require further comment.

We overrule these assignments without further comment, and hold that the trial court's judgment must be affirmed, and it is so ordered.