## Metropolitan Casualty Ins. Co. v. Shelby.

[76 South. 839, Division B.]

Insurance. *Accident insurance. Construction. Severance of hand.*

Under an accident insurance policy providing a specific indemnity if insured should sustain the loss of a hand by severance at or above the wrist, where there was an injury to one of insured's hands whereby he lost the use of it to a great exent, such an injury was not covered by the terms of his policy, as "severance" means the removing any thing, etc., the act of severing or dividing, or separating, the state of being severed or separated, or the state of being disjointed or separated.

Appeal from the circuit court of Forest county.
Hon. P. B. Johnson, Judge.

Suit by Joe Shelby against the Metropolitan Casualty Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*L. A. Smith,* for appellant.

*Tally & Mason,* for appellee.

Cook, P. J., delivered the opinion of the court.

The appellee, Joe Shelby, instituted this action at law in the circuit court of Forrest county against the Metropolitan Insurance Company. In his declaration he avers that the insurance company had issued and delivered to him an accident policy in the principal sum of seven thousand, five hundred dollars; that among other things this policy promised to pay to him three-fifths of the principal sum, to wit, four thousand, five hundred dollars, should he, during the life of the policy, "sustain the loss of one hand by severance at or above the wrist, and in addition

thereto the sum of fifty dollars, for surgical and medical attention in and about or treating the wound inflicted as aforesaid.'' The declaration then proceeds to relate the cause and extent of the injury sustained by him, in these words, viz.:

''That thereafterwards, on the 11th day of May, 1916, while the said policy was in full force and effect the said plaintiff was out on a fishing expedition and going through the forest, carrying in his left hand an instrument made of glass the size of a gallon jar and commonly denominated a ' minnow trap'; and by some means or other unknown to plaintiff he became entangled in the brush in said forest and fell to the ground and the minnow trap coming in contact with the ground, trees, brush or some substance then and there became broken and crushed and when and where plaintiff sustained a very severe contusion on his left arm just immediately above and in juxtaposition to the wrist joint; that as a result of said injury plaintiff then and there suffered much loss of blood and became and was then and there very sick, sore, and lame, and in fact languished in deadly peril for several hours until medical attention could be given him; that this accident happened to him several miles distant in the forest from his home in Hattiesburg; that as soon as he could he and his companion who was with him on said fishing excursion repaired to the city of Hattiesburg where his wounds and injuries were dressed by a competent doctor; that the said doctor continued to dress his wounds and injuries for a long time, until the cut or contusion had become in a measure healed; but that to cure the said plaintiff where he received said wounds and injuries the physicians have been unable so to do; that as a result of the same his said left hand from the wrist to the ends of his fingers has become paralyzed and atrophied insomuch so that said hand is of no use or value whatever to said plaintiff; that he is unable to use it in any respect; that he is deprived of the use thereof as fully and completely as if the same were physically severed and removed from his

wrist and arm. So that plaintiff says there has been an absolute loss of his left hand at or above the wrist as fully and completely as if the same was physically severed and removed from the remainder of his body; and as a result thereof he says that he is entitled to recover of the defendant three-fifths of the full indemnity provided for in said policy, to wit, the sum of four thousand, five hundred dollars.''

The insurance company demurred to the declaration, and the court promptly overruled the same. Defendant then filed the general issue and a special plea, which last-named plea we do not set out in this opinion, because we think it is unnecessary to do so, in our view of the issue persented to this court.

When it came to the proof of the averments of the declaration, it may be said in a general way that they were proven, and a bit more. Without dispute, the hand was not severed at or above the wrist; in fact it was not severed at all. The evidence does show that plaintiff had lost the use of his hand to a great extent, but his hand is still there. He had simply lost the use of his hand to a great extent.

Among the definitions given by Mr. English in his Law Dictionary of the word ''severance'' is ''removing anything from the realty, as trees, crops, etc.'' The same author defines ''sever'' as ''to put apart.'' The Revised Encyclopedic Dictionary defines ''severance'' this way: ''The act of severing, dividing or separating; the state of being severed, separated; the state of being disjoined or separated.'' All of the standard dictionaries give similar definitions.

If the indemnity was for the loss of a hand, without qualifying words, there is much reason for the construction put upon the contract. In this contract the words employed define the meaning of the loss of a hand provided for in the policy. No doubt authorities may be found for the holding of the trial court. It would be difficult to state any proposition of law upon which the courts of this

country have not differed, but in the language of this court in *Jacobs* v. *Insurance Co.,* 71 Miss. 656, 658, 15 So. 639, we say:

"The denial of all liability by the company, on the facts of this case, does not need the support of adjudications, and we have not examined any, preferring to rest with perfect confidence on the unmistakable meaning of the written agreement, which no number of books . . . could change so. as to create liability except on the terms it expresses."

We quote, however, to approve, from *Weist* v. *Insurance Co.,* 186 Mo. App. 22, 171 S. W. 570:

"In the instant case, had the provision of the policy agreeing to indemnify plaintiff in the amount of the principal sum of the policy for the 'loss of one hand' stood entirely alone, and unaffected by any other provision thereof, beyond doubt plaintiff would have been entitled to recover, having lost the entire use of his hand. However, the very next paragraph of the policy provides, in unmistakable terms, what shall be meant by the 'loss of one hand'; to wit, the loss thereof by severance at or above the wrist joint. Plaintiff has not suffered a loss of his hand by severance at or above the wrist joint; and if effect is to be given to the last mentioned provision, plaintiff's case must fail. If any ambiguity or uncertainty of meaning could be said to inhere in the pertinent provisions of the policy, it would readily be resolved in favor of the insured and against the insurer. Such is the well established and wholesome doctrine with respect to the construction of insurance contract. As is said by Lamm, J., in *Mathews* v. *Modern Woodmen,* 236 Mo. loc. cit. 342, 139 S. W. 155, Ann. Cas. 1912D, 483: 'It is a just and settled rule that the restrictive terms of insurance contracts shall be taken most strongly against the insurer. The doctrine of *contra proferentem* is strictly applied with unaccommodating vigor, and . . . ambiguities are blandly resolved in favor of the insured.' If it appeared that the portions of the policy under consideration, when read and

construed together, were at all ambiguous or of doubtful import, we should not hesitate in the least to 'blandly' resolve such ambiguity or doubt in favor of the insured. Indeed, the policy should, if possible, be construed so as to effectuate the insurance, and not to defeat it; for the indemnity is the very object and purpose of the contract, for which the insured has paid a consideration. See *Stix* v. *Indemnity Co.*, 175 Mo. App. 171, 157 S. W. 870. But it appears that the defendant has chosen apt language to indicate that it does not agree to indemnify the insured for the loss of a hand, unless such loss shall consist in the actual physical severance of the hand at or above the wrist joint. It is by no means likely that the policy holder so understood, or that he would knowingly have accepted the policy with such restrictive limitations upon his right to recover the indemnity for the loss of a hand or foot; but we can find the intention of the parties only from the language employed in the contract, having regard to the rules of interpretation which may be applied to contracts of this character. We cannot 'blandly' construe the troublesome provision out of the contract, and disregard it altogether; for, however great may be our inclination or duty to protect a policy holder against intricate or obscure technical provisions designed for the avoidance of liability on the part of the insurer, we cannot make a contract for the parties. The stipulation in question, as we have said, follows immediately that portion of the policy providing for specific losses, in the same type in which the body of the policy is printed. Its meaning appears to be plain and unmistakable. It pointedly defines what shall constitute the 'loss of a hand' so as to entitle the assured to the indemnity provided therefor. Under the circumstances, it cannot well be said to constitute a 'snare to the unwary' such as is denounced in *La Force* v. *Insurance Co.*, 43 Mo. App. 530. See, also, *Stark* v. *Insurance Co.*, 176 Mo. App. 574, 159 S. W. 758. Nor do we perceive any ground upon which plaintiff may properly be relieved from the effect thereof. Our conclusion is that the learned

trial judge committed no error in forcing plaintiff to a nonsuit. The judgment must therefore be affirmed.''

It is quite clear to us that the learned trial judge misinterpreted what we deem as the plain, unambiguous terms of the policy, and to approve his construction we believe we would have to make for the parties a contract they did not make for themselves. The plaintiff was undoubtedly severely injured, and it is a pity that he may not, to some extent, be compensated for his loss, but it is not the province of the courts to make contracts for litigants, but to enforce contracts made by them.

*Reserved and dismissed.*