## BOWLING v LIFE INS CO of VA.

Ohio Appeals, 6th Dist, Lucas Co.

No. 2451. Decided Dec 29, 1930

Robert A. Zanville and Samuel Kaplan, both of Toledo, for Bowling.

Doyle & Lewis, Toledo, for Ins. Co.

RICHARDS, J.

No authorities need be cited to establish the fact that in construing policies of this character, where there is any uncertainty in the interpretation of the language used, it must be construed most strongly against the insurance company, because it is the language selected and used by the company.

In earlier times the form of policy in common use appears to have been so worded as to insure against the loss of a hand or foot, without being more specific, and under a contract so worded insurance companies contended that the hand or foot was not lost unless it was severed. The courts, however, generally held that if by accident the assured was deprived entirely of the use of the hand or foot, as a member of the body, recovery could be had although the member was not severed. After the rendition of decisions of this character, various insurance companies changed the phraseology of policies subsequently issued, so as to provide only for payment in the event of loss of a hand or foot by severance at or above the wrist or ankle. This provision being specific in character, the courts have almost universally held that there could be no recovery unless there was amputation substantially as specified in the policy. A good illustration of this class of cases is **Brotherhood of Railroad Trainmen v Walsh, 89 Oh St, 15**, where the regulation of the association provided indemnity for one who should "suffer the amputation or severance of an entire hand at or above the wrist joint," and the plaintiff's hand was crushed so that it became necessary to amputate the thumb and the remainder of the hand was so injured that he was permanently disabled from using it. The Supreme Court, following the specific language used by the association, denied recovery because the contract did not contain the words "loss of hand" and specifically provided indemnity only in the event that the hand had been amputated at or above the wrist joint. In many other cases a like conclusion has been reached, where the language of the

policy was similar to that in the case just cited.

Between the two classes of cases to which reference has been made, the first being where the policy contains no language providing for the severance or removal of the hand but only for the loss of the hand and the other class where the policy provides indemnity only in the event of the severance or removal of the hand at or above the wrist, there is an intermediate class where the language is similar to that in the policy involved in the instant case, and provides indemnity in the event of "loss by severance of one hand." As stated in 1 American & English Encyclopedia of Law, 2nd Ed., 301 provisions of this character have been held to refer to the manner rather than to the exact physical extent of the injury. A leading case is that of Sneck v Travellers' Insurance Co., 34 N. Y. Supp., 545, affirmed 156 N. Y., 669. In that case the policy provided indemnity in the event of "loss by severance of one entire hand." The policy in that case was more favorable to the company than the one in the case at bar in that it used the words "entire hand" while the policy in the case at bar does not use the word "entire," and yet, in that case, a recovery was allowed. It appears from the evidence in that case that the fingers and hands of all the metacarpal bones were cut off with a planer and a little over one-half the hand was gone and that, while there are 27 bones in the skeleton of the hand, 13 bones were entirely gone and parts of 5 more, so that the entire hand had not been severed. The policy not being specific as to where the severance should occur in order to entitle a plaintiff to recover, the court held that it was reasonable to conclude that the use of the language in the policy, "the entire hand," must be considered in connection with the use to which the hand was adapted and that this was regarded by the parties as the sense in which the contract was to be understood. That case is cited in Railroad Trainmen v. Walsh, supra, with apparent approval, and its distinguishing features noted.

In Garcalon v. Commercial Travellers' Eastern Accident Association, 184 Mass., 8, the policy provided indemnity in the event of loss of one arm and also provided "that the word 'loss' as applied to arm or leg is hereby construed and agreed to mean actual amputation." The amputation was four inches below the elbow and the court held that such amputation was the loss of an arm in the common acceptation of the words and within the meaning of the policy, which did not mention whether the loss is by amputation below or above the elbow joint.

A recent case reaching the same conclusion is Life & Casualty Insurance Company v. Peacock, 124 Southern Rep. 229. The policy in that case provided indemnity in case of "loss by severance of both hands or both feet or one hand and one foot." In that case the court say that

"The provision for indemnity for 'loss by severance of feet or hands' was intended to refer to the manner rather than to the physical extent of the injury."

These cases establish the doctrine that the word "loss" as used should be construed to mean the destruction of the usefulness of the member for the purpose to which, in its normal condition, it was susceptible of application, in the absence of more specific definition in the policy.

The averments of the petition show that while only the second and third fingers were severed, it resulted in complete stiffness of the entire remainder of the hand so that the plaintiff lost the complete use of the hand.

The cases are collected in Moore v. Aetna Life Insurance Co., 75 Oregon, 47.

This court is of the opinion that the petition states a good cause of action. The judgment will be reversed and the cause remanded to the court of common pleas, with directions to overrule the demurrer to the petition and for further proceedings.

WILLIAMS and LLOYD, JJ, concur.