## GREAT NORTHERN LIFE INS. CO. v. TULSA COTTON OIL CO.

No. 27563.   Feb. 21, 1938.

Monnet & Savage, for plaintiff in error.

C. A. Ambrister, for defendant in error.

CORN, J. This action was commenced in the district court of Muskogee county by Tulsa Cotton Oil Company against Great Northern Life Insurance Company to recover judgment for certain sums of money alleged to be due it as beneficiary of an accident insurance policy covering one Irvin Schulte. A jury was waived and the cause tried to the court, and judgment was rendered for the plaintiff in the sum of $2,000, from which judgment the defendant appealed. The parties are referred to herein in the order of their appearance in the trial court.

It is alleged in the plaintiff's petition that on August 27, 1934, the defendant, in consideration of an annual premium of $14.24, delivered its policy of insurance to the plaintiff covering certain specific amounts in case of any accidental injury received by Irvin Schulte; that on or about September 15, 1934, said Irvin Schulte received an accidental injury to his left hand, which was mashed, torn, and lacerated and the ligaments and tendons severed, resulting in the entire loss of the use of said hand; that the loss of said hand rendered him totally and completely disabled from following the trade and profession which he had followed in the past, that of operating a cotton gin, and that he was not competent to follow any other trade or profession other than manual labor, and that by reason of the terms of said policy, and that according to the terms thereof the defendant agreed to pay weekly indemnity of $10 per week while said disability existed, not to exceed 500 weeks. The plaintiff prayed judgment in the sum of $2,970.

The defendant contends that the court erred in rendering judgment based upon the

finding that the injured suffered a loss of his hand as defined by the insurance policy.

The policy defines the loss of a hand as a dismemberment between the wrist and elbow joints. The evidence shows that the injured hand was badly mangled and that its usefulness was destroyed, but the loss indemnified by that particular provision of the policy as defined by the policy, which was the basis of the trial court's judgment, is by dismemberment between the wrist and elbow joints. No such loss occurred, and the plaintiff is not entitled to recover under that provision of the policy. Where the insurance contract specifically provides that the loss of the hand must be by dismemberment between the wrist and elbow joints, the plain provisions of the contract will be upheld and enforced by the court, and the showing of any injury less than that will not suffice to bring the injury within such provision. Continental Casualty Co. v. Bows, 72 Fla. 17; 72 So. 278; Wiest v. United States Health & Accident Ins. Co., 186 Mo. App. 22, 171 S. W. 570; Newman v. Standard Accident Ins. Co., 192 Mo. App. 159, 177 S. W. 803; Metropolitan Casualty Ins. Co. v. Shelby, 116 Miss. 278, 76 So. 839; Harden v. Continental Casualty Co. (Tex. Civ. App.) 195 S. W. 653; Eminent Household of Columbian Woodmen v. Hancock (Tex. Civ. App.) 174 S. W. 657; Fuller v. Locomotive Engineers' Mutual Life & Accident Ins. Ass'n, 122 Mich. 548, 81 N. W. 326; Brotherhood of R. Trainmen v. Walsh (Ohio) 103 N. E. 759.

Judgment of the trial court reversed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.