PILLING v. METROPOLITAN LIFE INS. CO.—148 S. W. (2d) 41.

Middle Section.   May 25, 1940.

Petition for Certiorari denied, January 11, 1941.

Petition to rehear denied, February 15, 1941.

Garland S. Moore, of Nashville, for appellant.
Bass, Berry & Sims, of Nashville, for appellee Pilling.

KETCHUM, J.   Pilling sued to recover of the defendant the sum of $2,500 on an accident insurance policy which provides for the payment of that sum "for the loss of one hand by severance at or above the wrist joint."   As the result of the accidental discharge of a shot gun which he was cleaning, the fourth and fifth fingers of his left hand and a part of the palm and a part of his wrist were shot away.   In his bill he alleges that "the tendons, muscles and portions of the bones of the fingers, hand and wrist were so completely destroyed as the result of the accident that it was necessary to amputate the fourth and fifth fingers and a large portion of the palm, and

to remove the extensor tendons of the second and third fingers which had been pulled from their attachments high up in the forearm, and were lying loose in the wound. A portion of the complainant's wrist was completely blown away by the charge of the shot gun, and it was necessary to remove other portions thereof because of the damage and injury thereof. As a result complainant lost five out of the eight bones in his wrist, and eight out of the nineteen bones in his hand and fingers, and, in addition, has lost the corresponding portions of the palm of the hand and a portion of the wrist.''

The defendant in its answer denied that the complainant had lost his left hand by ''severance at or above the wrist joint,'' but, on the contrary, averred that he had been deprived only partly of the use of his hand; and that he had remaining on said hand the thumb, the index finger and the medius or middle finger, all of which were useful and serviceable as a part of the hand.

It is also alleged in the answer, and it is not disputed as a fact, that on May 27, 1938, the complainant filed his claim for indemnity for total disability as the result of the accident, at the rate of $25 per week, and for surgical fees, which claim was allowed and paid until October 1, 1938, when the complainant was able to return to his work. These claims amounting to $527.14 were paid without question. No claim was made for partial disability until afterwards, and when the claim was made for the $2,500 for the loss of the hand. In response to this demand the company denied liability for the loss of the hand by severance at or above the wrist joint, but admitted liability for the partial disability indemnity at 'the rate of $12.50 per week for 26 weeks, according to the terms of the policy, amounting to $325, and tendered this amount with its answer, and this was paid to complainant, making a total sum of $852.14 paid to him.

There are other allegations in the bill and answer which are not material to the consideration of what we believe to be the determinative issue in the case.

The cause was heard on oral testimony pursuant to a stipulation so to try it. The chancellor found in favor of the complainant and rendered a decree in his favor for the sum of $1,713.08, being the $2,500 claimed, with interest, less the amount of the disability benefits paid, and from this decree the insurance company has appealed and assigns errors.

The chancellor found the following facts as the basis of his decree:

''The court finds as a fact that on May 14, 1938, the complainant, Sam H. Pilling, while cleaning his shotgun, sustained bodily injuries caused directly and independently of all other causes, by violent and accidental means, which resulted in the total loss of the use of his left hand for all substantial and practical purposes, and which was caused by the substantial severance of said hand at or above the wrist joint; the said injuries resulting from the accidental discharge of a

shotgun, which for all practical purposes caused the destruction of the usefulness of complainant's left hand for the purposes to which in its normal condition it was susceptible of application, by severance of the bones, flesh, vessels, tendons and other structures at the wrist joint. . . .

"I am satisfied from this evidence, argument, and an examination of the exhibits and policy, that as the result of this accident which happened on May 14, 1938, this complainant has to all practical purposes, especially for all use in connection with any occupation he might engage in, has substantially suffered the loss of his hand. . . .

"In other words the substance of the whole situation is that on May 14, 1938, he lost the use of his hand, and that in contemplation of law and equity and the terms of the policy, by the policy he is entitled to recover $2,500.00, to be credited by these amounts that have been paid."

The defendant filed a petition asking the chancellor to find the following additional facts: ". . . That the normal wrist contains eight bones and the hand nineteen bones. That after the amputation by the surgeon described in the proof, the wrist contains three bones and the hand 14 bones. That the thumb, index finger and middle finger of the left hand remain. That he has the use of the thumb and index finger. That the left hand is not severed at or above the wrist joint. That the complainant has now 30 to 40 per cent flexation in said left wrist, and has the partial use of said hand."

The chancellor refused to make these additional findings of fact, evidently because he was of opinion that it was not necessary for the complainant to show the complete physical severance of the hand at or above the wrist, but only the "substantial severance" of the hand and the destruction of its usefulness for all practical purposes.

The proof shows without dispute that the hand was not completely severed at or above the wrist joint, that the thumb and index finger and middle finger and a part of the palm remain, though the middle finger is completely useless, and the usefulness of the index finger is impaired 25 per cent, and the part of the hand remaining was at the time of the trial withered and atrophied.

There are seven assignments of error, all challenging the correctness of the chancellor's findings of fact and the decree based thereon, and his refusal to find the additional facts requested by the defendant. We do not deem it necessary to consider the assignments separately. They raise the single question that the proof does not show, and that the chancellor has not found as a fact, that the complainant has suffered the loss of a hand "by severance at or above the wrist joint," and that in the absence of such a finding the complainant is not entitled to recover.

If the complainant is to recover it must be by virtue of the policy provision by which the defendant agreed to pay one-half of

the principal sum "for the loss of one hand by severance at or above the wrist joint." To our minds this language is plain and unambiguous and is not met by a showing that complainant has suffered "a total loss of the use of a hand for all substantial purposes," as found by the chancellor. This language is to be distinguished from that of those policies which provide for the payment of indemnity for the loss of a member, such as the "loss of a hand" or the "loss of a foot," without more. There are numerous cases which hold that the loss of a member, such as a hand or foot, without more specific definition, means the loss of the beneficial use of the member. Some of the cases so holding are Continental Casualty Co. v. Linn, 226 Ky., 328, 10 S. W. (2d), 1079; Life & Casualty Ins. Co. v. Peacock, 220 Ala., 104, 124 So., 229; Citizens Mutual Life Ass'n v. Kennedy (Tex. Civ. App.), 57 S. W. (2d), 265; Winters Mutual Aid, etc., v. Reddin (Tex. Civ. App.), 49 S. W. (2d), 1095; Sisson v. Supreme Court of Honor, 104 Mo. App., 54, 78 S. W., 297; Sheanon v. Pacific Mutual Life Ins. Co., 77 Wis., 618, 46 N. W., 799, 9 L. R. A., 685, 20 Am. St. Rep., 151.

But the insurance companies, to meet these decisions, have generally in their later forms of policies contracted for the payment of the indemnity for the loss of a hand or a foot "by severance at or above" the wrist or ankle joint, or words of like import; and in the cases construing this language the courts have held with practical unanimity that there can be no recovery in the absence of the physical severance of the injured member from the body. Among the cases so holding are the following: Muse v. Metropolitan Life Insurance Co., 193 La., 605, 192 So., 72, 125 A. L. R., 1075; Adair v. General Am. Life Ins. Co. (Mo. App., 1939), 124 S. W. (2d), 657; Wiest v. United States Health & Acc. Ins. Co., 186 Mo. App., 22, 171 S. W., 570; Newman v. Standard Acc. Ins. Co., 192 Mo. App., 159, 177 S. W., 803; Metropolitan Cas. Co. v. Shelby, 116 Miss., 278, 76 So., 839; Hardin v. Continental Cas. Co. (Tex. Civ. App.), 195 S. W., 653; Continental Cas. Co. v. Bows, 72 Fla., 17, 72 So., 278; Brotherhood of Railway Trainmen v. Walsh, 89 Ohio St., 15, 103 N. E., 759; Bowling v. Life Ins. Co., 39 Ohio App., 491, 177 N. E., 531.

In the Muse case [193 La., 605, 192 So., 76, 125 A. L. R., 1075], the Supreme Court of Louisiana, after reviewing many of the cases so holding, reached the conclusion that "the overwhelming weight of authority is to the effect that, where an insurance policy provides indemnity, for the 'loss of a hand,' or the 'loss of a foot,' or the 'loss of an arm,' and provides in the policy a definition or a specific statement as to what shall constitute a loss of such member, effect must be given to this qualifying definition or explanation."

The cases above cited and others collected in a note in 18 A. L. R., at page 1341 et seq., amply support this conclusion.

The complainant relies upon the case of King v. Metropolitan Life Insurance Company, 20 Tenn. App., 246, 97 S. W. (2d), 651, as sustaining his contention. The policy in that case contained the same provision that we have in the policy before us. The plaintiff testified that while working in a sawmill his hand was completely severed except for the skin on the under side, at a point above the wrist, and that every bone and ligament of his wrist was severed when his wrist came in contact with a ripsaw. Enough of the fleshy part of the wrist and skin to serve as a blood supply for the severed portion remained, however, and a skillful surgeon was able to reunite the hand to the stub; but it was rendered absolutely useless as a hand save for the outward appearance of a hand, and at the time of the trial it had atrophied and was only about half the size of a normal hand. The trial judge sustained a motion for a directed verdict in favor of the defendant upon the ground that it appeared from the undisputed evidence that the hand had not been completely severed, and that this was necessary in order to entitle the plaintiff to recover. This court in reversing the action of the trial court held that the question whether the plaintiff had, under the facts of the case, sustained the loss of one hand by severance at or above the wrist joint within, the meaning of the policy, should have been submitted to the jury.

That case is distinguishable in its facts, and from the character of the injury sustained by the plaintiff, from the case before us. We do not think it can fairly be said that Mr. Pilling's hand has been severed at or above the wrist; he has practically half of his hand left, and although its usefulness is greatly impaired, it is admittedly still of some service.

Being of this opinion we must reverse the decree of the chancellor and dismiss the bill at the cost of complainant and the sureties on his cost bond. Let a decree be entered accordingly.

Anderson, J., and Adams, S. J., concur.