THE MORRIS PLAN COMPANY OF ST. JOSEPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97814. Promulgated November 14, 1940.

*Richard L. Douglas, Esq.*, for the petitioner.
*Angus R. Shannon, Esq.*, for the respondent.

1192

#### OPINION.

ARNOLD: There is no serious dispute in this proceeding with regard to the principal facts. Petitioner purchased notes secured by chattel

mortgages, which were represented to be genuine but were later discovered to be forgeries. The question we must determine is whether the transactions between the Appliance Co. and petitioner created debts, as contended by respondent, or amounted to a loss in the nature of theft by deceit and artifice, as contended by the petitioner. No contention is made by petitioner that its funds were embezzled.

Respondent concedes that petitioner is entitled to a deduction, but denies that it is so entitled in 1936. It is his theory that the transactions created debts ascertained to be worthless in 1937. Petitioner contends that the transactions amounted to theft of its funds by the misrepresentation and deceit practiced upon it by the Appliance Co. Petitioner denies that it voluntarily extended credit to or accepted the Appliance Co. as a creditor, and contends that the transactions can not be treated as loans because there was no voluntary contractual arrangement. It is urged that the manner and circumstances under which the forged and fictitious notes were sold to petitioner constituted theft or larceny of its funds.

The evidence shows that petitioner had been purchasing the paper of the Appliance Co. since 1933 and that the purchase of such commercial paper constituted about three-fourths of its business. The endorsement on the back of each instrument and the testimony of record convinces us that the transactions between petitioner and the Appliance Co. were not loans but were purchases and sales of commercial paper at a discount. After a transfer of instruments the Appliance Co. was not indebted to petitioner, nor petitioner to the Appliance Co. The latter had sold a secured promissory note payable in installments for a sum less than the face amount of the note. The primary obligor on the note was the maker; the Appliance Co. was liable only in the event of the maker's default. Where valid notes were paid by the makers there was never any liability of the Appliance Co. to the petitioner. Thus the question is reduced to a determination of the rights and liabilities of the parties where the subject matter of the sale was forged and fictitious instruments.

It is stipulated that the Appliance Co. represented to petitioner that the articles of merchandise for which the notes and chattel mortgages were given were sold to persons who purportedly executed the instruments. It is also stipulated that the Appliance Co. represented that the repayments were to be applied to certain designated forged and fictitious notes. The course of dealing between petitioner and the Appliance Co. facilitated the deception and fraud that were practiced upon the petitioner. Failure of petitioner to adopt the practice of notifying the makers of the notes and mortgages played directly into the hands of the Appliance Co. to perpetrate the fraud.

Notices of default to the Appliance Co. enabled it to pass additional forged and fictitious instruments, or otherwise pay up the overdue installments, and temporarily allay suspicion. In view of the stipulated facts and of the circumstances under which the transactions occurred, the endorsement and guarantee of each instrument formed a part of the scheme to defraud the petitioner.

Whether the fraud, trickery, and deceit practiced upon petitioner amounted to theft will depend upon the Missouri law. The rule there announced is that, where possession of property is obtained by fraud and trickery with intent to convert it to the use of the wrongdoers, which is thereafter accomplished, a theft or larceny results. *State* v. *Anderson*, 186 Mo. App. 25; 84 S. W. 946; *Farmers Loan & Trust Co.* v. *Southern Surety Co.*, 285 Mo. 621; 226 S. W. 926; see also *Borden* v. *Commissioner*, 101 Fed. (2d) 44. Possession of petitioner's money was obtained by deceit and trickery consisting of fraudulent representations and the use of forged instruments. Clearly there was an intent by the wrongdoers to convert it; and it seems equally clear that the conversion was accomplished. No title to the money could be found on the forgeries, *Farmers Loan & Trust Co.* v. *Southern Surety Co.*, *supra*, nor could the endorsement and guarantee of the instruments by the Appliance Co. in any way validate these instruments. The forging and uttering of the promissory notes and chattel mortgages, and the endorsement and guarantee thereof by the Appliance Co. were all a part of the trickery whereby petitioner was deceived and defrauded of over half a million dollars during 1936.

For the purpose of the present report, exactness in determining the nature of the crime, i. e., whether it be larceny, embezzlement, obtaining money under false pretenses or otherwise, or in naming the guilty party or parties, is of less importance than the character of the deduction. The controlling fact is that petitioner sustained its loss as a result of transactions in 1936 which amounted to theft under the laws of Missouri.

Section 23 (f) of the Revenue Act of 1936, under which petitioner claims the deduction, provides that a corporation may deduct losses sustained during the taxable year and not compensated for by insurance or otherwise. The issue was tried upon the question of whether the transactions created debts, or were losses ordinarily characterized as theft by deceit or artifice. The proof shows that the transactions resulted in losses in the nature of theft which occurred in 1936, and are deductible in that year.

*Decision will be entered for the petitioner.*