JOHN A. BEBER v. BROTHERHOOD OF RAILROAD TRAINMEN.

FILED DECEMBER 6, 1905.   No. 13,862.

It is for the jury to determine whether a total loss of three fingers and an injury to the remaining finger and thumb, which materially interferes with their use, and a cutting away of a part of the palm of the hand constitute a total loss of the hand within the meaning of a by-law of a mutual benefit association, which provides indemnity for any member in good standing suffering, "by means of physical separation, the loss of a hand at or above the wrist joint."

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Mockett & Polk,* for plaintiff in error.

*Stewart & Munger, contra.*

OLDHAM, C.·

On the 2d day of May, 1900, the plaintiff in error, who was plaintiff below, became a member of a fraternal benefit society, known as the Brotherhood of Railroad Trainmen, and agreed to pay monthly assessments of $2 a month on a beneficiary certificate issued to him by said society in the sum of $1,200. The plaintiff was a brakeman, and belonged to the class of risks called "Class C" in the constitution of the society. By section 37 of the constitution of the order it is provided that the member shall be entitled to the amount of his certificate "upon his becoming permanently and totally disabled within the meaning of section 45." Section 45 is as follows: "Any member in good standing, suffering, by means of physical separation, either the loss of a hand at or above the wrist joint, or suffering the loss of a foot at or above the ankle joint, or suffering the loss of the sight of both eyes, shall be considered totally and permanently disabled and shall receive the full amount of his beneficiary certificate, but not otherwise." On the 10th day of May, 1902, while the beneficiary certificate was in full force and effect, plaintiff received a personal injury by chopping and cutting his left hand, while splitting wood, and as a result of this injury lost his second, third and fourth fingers and about half of the second, third and fourth metacarpal bones, which removed nearly half of the palm of his hand, damaged the first and second joints of the index finger, and caused a running sore on the thumb between the second and third joints, which stiffened and impaired the motion of the thumb and practically destroyed its usefulness. Plaintiff's testimony tended to show that this injury had totally destroyed the usefulness of the hand, as such, while the evidence offered by defendant tended to show that the remaining thumb and finger on the hand and the partially stiffened wrist joint were of some utility to the plaintiff. In this state of the record, when the testimony was all in, the court, being of the opinion that, under section 45 of the defendant's constitution,

plaintiff was only entitled to recover on proving that the
entire hand was severed at or above the wrist joint, di-
rected a verdict for defendant and rendered judgment for
the defendant on the verdict so directed.  To reverse this
judgment plaintiff brings error to this court.

That plaintiff's benefit certificate is a contract of insur-
ance between him and the society is both apparent and
conceded, and that his right to recover depends upon a con-
struction of the contract as set forth in section 45 of the
constitution is also conceded by both parties to the contro-
versy.  Eliminating from this section all points not ap-
plicable to the case at bar, it would read as follows: Any
member in good standing suffering, by means of physical
separation, the loss of a hand at or above the wrist joint
shall be considered totally and permanently disabled, and
shall receive upon sufficient and satisfactory proof of the
same, the full amount of his beneficiary certificate, and not
otherwise.  Now, the question to be determined is, what did
the defendant company contract to insure against under
the provisions of this by-law?  Was it the severance of the
entire hand at or above the wrist joint, or, was it the entire
loss of the use of the hand at or above the wrist joint by
physical separation?  If the only risk assumed by defend-
ant was the amputation of the whole hand, then the learned
trial court was fully justified in directing a verdict for de-
fendant; but, if a fair and liberal interpretation of the con-
tract most favorable to the insured can make it a risk
which includes the total loss of the use of the hand by sever-
ance, then the question as to whether such loss is estab-
lished by the evidence is properly one for the triers of such
facts.  If the officers of the society, who prepared the by-
law in which the contract is set forth, have used ambiguous
terms, the ambiguities must be interpreted in the man-
ner most favorable to the insured.  If, instead of stating in
plain and simple language the exact loss they intend to
protect against, they propound riddles in a jargon of equiv-
ocal phrases, these riddles should be solved most favorably
to him who has been the victim of such artifice.  Inter-

preted in this spirit, can the by-law of the defendant be reasonably said to protect against the entire loss of the hand by physical separation, whether such loss be occasioned by amputation or by an injury by severance which totally destroys the usefulness of such member?

In *Lord v. American Mutual Accident Ass'n,* 89 Wis. 19, under a policy containing a provision for the payment for an injury "causing an immediate, continuous and total disability," it was held that it was a proper question for the jury to determine whether a total loss of three fingers and part of another on the same hand, and destruction of the joint of the thumb, and the cutting of the hand, constituted a total loss within the meaning of such provision. In disposing of this question, Cassoday, J., speaking for the court, said:

"On the part of the defendant it is contended that there is no such thing as the loss of the hand unless the injury is such as to require the amputation of the hand above the wrist. That would be too much of a refinement upon language for practical purposes. The hand was for use; and, if it was injured so as to become useless as a hand, then the defendant became liable for its loss under the contract. This was held, in principle, in *Sheanon v. Pacific M. L. Ins. Co.,* 77 Wis. 618, s. c. 83 Wis. 507. In *Sneck v. Travelers Ins. Co.,* 34 N. Y. Supp. 545, the action was on a policy against "a loss by severance of one entire hand or foot." There was a loss of a part of the hand by severance. Plaintiff testified that he had no use of the hand, as such. The court held that the word severance in the policy meant the method by which the accident occurred, and that it was the loss of the use of the hand that was insured against, and that the question as to whether the loss was total under the evidence was one of fact for the jury. While the supreme court was divided on this question and at the first hearing of the same case, reported in 81 Hun (N. Y.), 331, indicated a different conclusion, yet the last decision was reviewed by the court of appeals in 156 N. Y. 669, and the last majority opinion of the intermediate court was approved, with-

out division, by the court of appeals.   The doctrine announced in this case is quoted with approval in 1 Am. & Eng. Ency. Law (2d ed.), p. 301, wherein it is said: "Many of the companies have altered their policies so as to read 'the loss of feet or hands by severance' thereof, but this provision has been held to be intended to refer to the manner rather than to the exact physical extent of the injury."

Defendant's counsel cite us to the holding in *Fuller v. Locomotive Engineers M. L. & A. Ins. Ass'n*, 122 Mich. 548, as supporting the conclusion reached by the trial judge in the court below.   After a careful examination of this very well-considered case, we are satisfied that, instead of supporting the theory of the trial judge in the instant case, it makes directly against it.   In this case the by-law provided that any member receiving bodily injuries which alone should "cause amputation of a limb (whole hand or foot)" should receive the amount of the certificate, but not otherwise.   Plaintiff sustained a loss of a portion of his foot.   While the conclusion reached was that, under this peculiar contract, he could not recover, yet, in reaching this conclusion, the learned author of the opinion reviewed with approval the conclusions reached in the cases above cited, and other cases of the same import, and distinguished the case he was deciding by saying:

"These cases establish the proposition that where an insurance policy insures against the loss of a member, or the loss of an entire member, the word 'loss' should be construed to mean the destruction of the usefulness of the member, or the entire member, for the purposes to which, in its normal condition, it was susceptible of application.   In all of these policies the word 'loss' is used, and it is the loss of the member that is in terms insured against. As indicated in the last authority cited, the attempts of the insurance companies to avoid this construction by so changing the policy that it reads, 'loss by severance of feet or hands,' have failed; the courts holding, as before, that it is the loss of the use of the member which was the object of the contract.   In the present case the word 'loss'

is eliminated, and the insurance is against 'an *injury* that shall cause the amputation of a limb (whole hand or foot), or total and permanent loss of eyesight.' "

We are therefore of opinion that the question of whether there was a total loss of the use of plaintiff's hand, at or above the wrist joint, under the evidence contained in the bill of exceptions, is one of fact for the jury, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

LETTON and AMES, CC., concur.

By the Court: For the reasons given in the above opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

HOLCOMB, C. J., expresses no opinion.