This is a suit to recover benefits under a policy of insurance issued by the defendant company in favor of the plaintiff.
The facts show that the policy of insurance was issued on January 15, 1945, and that on August 24, 1945, while said policy was in full force and effect, petitioner was accidentally injured, and, as a direct result of said accident, he suffered a compound, comminuted fracture of the tibia and fibula and upper third of the femur, with severe lacerations of tissue of the right leg, which injuries necessitated amputation of said member at the upper third of the thigh on November 2, 1945.
Plaintiff brought this suit to recover the sum of $500 claimed to be due under the policy of insurance. The demand is resisted by defendant on the ground that the policy provided that no payment would be made unless the loss of a member should occur within thirty days from the date of the accident, and that since the actual amputation of the member took place long after the expiration of such thirty-day period, there was no liability under the provisions of the policy.
After trial there was judgment in favor of the defendant rejecting plaintiff's demands, from which judgment plaintiff appeals.
The particular provision of the policy in question, which is made the foundation of the insurer's defense, reads as follows: "No sum shall be payable for the loss of any member except for total and permanent severance at or above the ankle or wrist joint or joints, nor for loss of sight of eye or eyes, unless there shall be total and irrecoverable loss of the entire sight thereof. Not more than One Thousand ($1,000.00) Dollars shall be payable for any accident and upon payment of any loss, the policy shall be cancelled as of the time of such accident. No payment will be made hereunder, unless death or the loss of the member or members or eyesight occurs within thirty days from the date of accident."
Briefly stated, plaintiff contends that the above quoted provision does not make payment dependent upon amputation, that is, total and permanent severance of the member, within thirty days from the date of the accident, while the defendant would construe the terms "loss" and "total and permanent severance" as being synonymous.
[1, 2] It is too well established to necessitate citation that the contract of insurance is the law between the parties. It is also well settled that ambiguous terms and provisions must be construed against the insurer.
However, we find nothing ambiguous in the provision above quoted. In fact, the provision itself clearly defines the interpretation placed by the insurer on the meaning of the word "loss".
The provision of the policy at issue does not restrict the meaning of the loss of a member to amputation. It simply restricts liability for payment for the loss of a member to those cases in which such loss has been evidenced by amputation. Nor does the policy require that amputation, total and permanent severance, take place within thirty days, but simply that the loss of the member shall occur within thirty days from the date of the accident.
This construction is inescapable under the plain meaning of the words "no sum shall be payable for the loss of any member *Page 393 except for total and permanent severance * * *." (Emphasis by the Court.)
It is obvious that the insurer, at whose instance the policy was prepared and who was responsible for its wording, recognized the fact that a person could lose a member without undergoing the necessity of procuring the amputation of such member. It is further obvious that the recognition of this fact is reasonable.
The defense here urged would be sound if the policy had provided that no sum should be payable under the terms thereof except for the loss of a member, as the result of an accident necessitating amputation of said member within whatever period might have been arbitrarily established. The responsibility of wording insurance contracts rests upon the insurer, and as we said in the recently decided case of Edwards, Sr. v. Life 
Casualty Insurance Company of Tennessee, the same defendant as in the instant case, La. App., 25 So.2d 552, 555: "There can be no question but that an insurer could word a limitation or a refusal to cover described risks with such certainty as to remove the provisions from any suspicion of ambiguity."
With regard to the clause of the policy under examination in this case, we find no ambiguity since the plain wording recognizes a distinction between the loss of a member and loss by amputation, and specifically provides that it is theloss which must occur within thirty days from the date of the accident and not the amputation.
[3] The insured, under the terms of the policy under examination, cannot be penalized simply because his physicians attempted to prevent the necessity for amputation of his leg. The leg was "lost" from and after the accident, therefore the requirement for the occurrence of loss within the thirty-day period was fully met, and the fact that the amputation was made sometime after the expiration of this period is of no importance.
We have carefully examined the authorities cited by able counsel for the defendant. In the case of Clark v. Federal Life Insurance Co., 193 N.C. 166, 136 S.E. 291, the policy expressly defined loss as being loss as the result of severance within thirty days from the accident. The case of Brown v. United States Casualty Co., C.C., 95 F. 935, involved the question of the occurrence of death after the running of a specified period, and the holding of the court, in our opinion, has no bearing upon the question before us.
In Buford v. North American Accident Insurance Company, 5 Cir., 3 F.2d 263, an injury to the eye did not cause either total or partial disability, and the loss of the eye occurred a year subsequent to the accident.
The facts in Orenstein v. Preferred Accident Insurance Company, 138 Minn. 10, 163 N.W. 747, clearly distinguish that case from the one before us, since it was shown that the loss of the foot resulted from an infection to a toe and theloss of the member did not take place until after the running of the time specified in the policy.
[4] We have already called attention in this opinion to the well established principle that the insurance contract is the law between the parties, and we thoroughly agree with the contention that equitable considerations cannot be deemed sufficient to overcome contractual provisions. For this reason, we find no need to discuss plaintiff's argument as to the equities of the case.
[5] We further subscribe to the well-established and oft-enunciated principle that Courts are not at liberty to disregard the plain letter of the contract under the pretext of an interpretation of ambiguity where none exists. In this particular case, we quite agree with the argument made in brief of counsel for defendant that there is no ambiguity in the clause of the policy which governs liability. It appears plain to us that the loss of plaintiff's leg followed as the immediate result of the accident. The fact that severance of the member by amputation did not take place until more than two months later is beside the point.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of plaintiff, George Westenhover, and against the defendant, Life Casualty Insurance *Page 394 
Company of Tennessee, in the full sum of $500, with legal interest thereon from date of judicial demand until paid, together with all costs.