[No. 42469. En Banc. April 5, 1973.]

GLEN FALLS INSURANCE COMPANY, *Respondent,* v. VERLE R. VIETZKE *et al., Petitioners.*

*Guttormsen, Scholfield, Willits & Ager,* for respondent.

*Merrick, Burgess & Hofstedt,* by *H. Roland Hofstedt,* for petitioners.

HUNTER, J.—This is a review of an unpublished opinion of the Court of Appeals (6 Wn. App. 1017) reversing the trial court's decision in a declaratory judgment action. The trial court held that the plaintiff (respondent herein), Glen Falls Insurance Company, was obligated to defend, to the limits of its liability, a suit against the defendant (petitioner), Verle R. Vietzke, doing business as Sunny's Trucking, hereinafter referred to as the defendant.

The facts are not in dispute and can be summarized as follows. On March 9, 1966, the defendant entered into a written contract to lease a backhoe with operation and maintenance personnel to the defendant, the Austin Company. Said contract contained a "save-harmless clause" in favor of the latter.

On March 18, 1966, Richard Thorpe, an employee of the defendant, sustained injuries while performing certain services under the contract in which the defendant leased the backhoe to the Austin Company.

Thereafter, on December 12, 1967, Thorpe commenced suit against the Austin Company and its employer, the Boeing Company. They in turn made demand upon the defendant to assume the defense of the action under the "save-harmless clause" of the contract between the defendant and the Austin Company. The defendant forwarded the demand to the plaintiff who had issued the defendant a

liability insurance policy on or about February 14, 1966.

The policy the plaintiff issued the defendant contained an endorsement which provided contractual bodily injury liability coverage as follows:

> To pay on behalf of the insured all sums which the insured, by reason of the liability assumed by him under any written contract designated in the schedule above, shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

The endorsement also provided:

> It is agreed that such coverage as is afforded by this endorsement shall apply to any written contract, provided the insured furnishes the Company with copies of such contract within 30 days of the effective date of the contractual agreement and failure to do so will invalidate this insurance agreement.

The dispute in the instant case centers around the defendant's failure, at any time, to submit to the plaintiff a copy of his contract with the Austin Company. The plaintiff instituted this action to determine whether or not it was obligated to defend the defendant since the defendant failed to comply with the provisions of the endorsement.

The trial court reasoned that the provision of the endorsement provided insurance coverage for 30 days, irrespective of whether or not the insured provided the company with copies of any written contract. Since the accident occurred within the 30-day period, the plaintiff was obligated to defend the action against the defendant.

The Court of Appeals reversed the trial court, reasoning that the defendant's failure to comply with the 30-day provision in the endorsement abrogated the coverage afforded by the endorsement ab initio. From the Court of Appeals' decision the defendant petitioned this court for review, which we granted.

The central issue in this case is whether the provision in question provides automatic coverage for the defendant for

the first 30 days one of his contracts is in existence. We agree with the trial court's holding that the provision in the endorsement provides coverage for the first 30 days one of the defendant's contracts is in existence regardless of whether a copy of the contract is ever forwarded to the insurance company.

■ We stated in *Myers v. Kitsap Physicians Serv.*, 78 Wn.2d 286, 288, 474 P.2d 109 (1970), that:

> [T]he language of an insurance contract should in fact "be interpreted in accordance with the way it would be understood by the *average man* purchasing insurance." *Ames v. Baker*, 68 Wn.2d 713, 415 P.2d 74 (1966).

(Italics ours.)

We find it hard to believe that the average man purchasing this type of insurance would contemplate that he would be required to furnish a copy of the contract to the plaintiff, as the plaintiff contends, in order to avoid forfeiture of all coverage provided by the endorsement where the accident occurred within the 30-day period. It is conceivable that the average man would consider furnishing a copy of the contract within the 30-day period after the accident had occurred, would serve no useful purpose and would be a useless act.

The endorsement provides that the coverage was to be effective on February 14, 1966. On that date the plaintiff was obligated to provide the defendant with coverage. The endorsement also states that the coverage, as heretofore recited

> shall apply to any written contract, provided the insured furnishes the Company with copies of the contract within 30 days of the effective date of the agreement and failure to do so will invalidate this insurance agreement.

Upon reading the above provision, one is not sure when the agreement becomes invalid. First, the endorsement states that there is coverage as of February 14, 1966. Then the above provision states failure to fulfill the above condition will invalidate the agreement. Does the condition, if unfulfilled, invalidate the coverage from the inception of

the policy, or does the failure to fulfill the condition invalidate the coverage after the 30-day period allowed for furnishing the contract, providing coverage in the interim? When a policy is fairly susceptible of two different interpretations, as in the instant case, that interpretation most favorable to the insured must be applied, even though a different meaning may have been intended by the insurer. *Ames v. Baker*, 68 Wn.2d 713, 415 P.2d 74 (1966).

Furthermore, to follow the plaintiff's construction of the endorsement would be to deny the defendant *any* coverage which would be inconsistent with the purpose of the contract and intent of the parties.

The defendant, in his deposition which was admitted into evidence, stated:

A: When I got the insurance I specified we have what they call a floating policy, in other words, where any machine that I rented through the Austin Company was covered automatically. That was our discussion. That was one of my main discussions, because I did rent a lot of machinery. Don Geary told me they would be automatically covered at all times.

Mr. Geary, the plaintiff's agent, also stated:

A: . . . This is an automatic coverage provision.

We stated in *Ames v. Baker, supra* at 717:

Insurance contracts must be interpreted according to the evident intent of the parties. . . . The policy cannot be read in a vacuum. It must be construed with an eye to the background facts existing between the insured and the insurer.

It is inescapable that the plaintiff and the defendant's agent intended that the coverage in the instant case be automatic for the first 30 days. No question has been raised as to the lack of the agent's authority. If the insurance company wished to provide that the coverage was cancelled retroactively and that there would be no coverage during the 30 days upon failure to comply with the 30-day provision, as it now contends, it should have so stated. As a matter of public policy, limitations such as the

plaintiff contends exist in the instant case must be clear and spelled out with specificity.

For the reasons heretofore stated, we hold that the defendant was automatically covered under the endorsement for the first 30 days the contract was in existence.

The judgment of the trial court is affirmed. The Court of Appeals is reversed.

HALE, C.J., ROSELLINI, HAMILTON, and BRACHTENBACH, JJ., concur.

FINLEY, J. (concurring specially)—In my judgment, certain language and phraseology of the insurance agreement leave it quite unclear or ambiguous as to whether Mr. Vietzke, doing business as Sunny's Trucking, did or did not have liability insurance coverage and for what period of time, if any. I think this court should state that the insurance company drafted the agreement, that as a matter of public policy the insurance company will be held responsible for the ambiguity of the agreement, and, under the circumstances and the facts in this case, that the insurer is estopped to deny insurance coverage to Mr. Vietzke.

For the reasons indicated, I concur in the result reached in the majority opinion.

STAFFORD, WRIGHT, and UTTER, JJ., concur with FINLEY, J.