[No. 942-3.    Division Three.    April 23, 1975.]

GERALD P. MORGAN, *Respondent*, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant.*

*Frank Hayes Johnson* and *Randall L. Stamper* (of *MacGillivray, Jones, Clarke, Schiffner & Johnson*), for appellant.

*H. W. Felsted*, for respondent.

MUNSON, J.—The plaintiff had the index and middle finger of each hand, as well as a significant portion of each

thumb, permanently severed from each hand while operating a bookbinding machine on July 12, 1968.

The defendant, Prudential Insurance Company, appeals from a judgment entitling the plaintiff, Gerald P. Morgan, to recover benefits within the terms of a life insurance policy reading in pertinent part:

> If any person insured under the policy . . . sustains the loss by severance of both hands at or above the wrists . . . the Company will pay . . .

The trial court interpreted the term "loss" as used in the policy to include the loss of "use" or the loss of "function" of the hand where there had been a severance of certain bones, flesh, vessels, tendons, and muscles located in the area of the wrist. We find this interpretation to be contrary to the language in the policy.

A court may not modify clear and unambiguous language in an insurance policy. *Tucker v. Bankers Life & Cas. Co.*, 67 Wn.2d 60, 406 P.2d 628, 23 A.L.R.3d 1098 (1965). Additionally, the terms used in an insurance policy must be construed in light of the plain, ordinary and popular sense, in which such words are used. *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957). As stated in 15 G. Couch, *Insurance* § 53:14 (2d ed. R. Anderson 1966):

> Some forms of policies expressly provide for indemnity in case of the severance, amputation, or physical separation of a member at or above a certain point, and under these provisions recovery has generally been denied where there was no severance of the injured member from the body. Thus, it has been stated that severance at or above a given joint means actual severance, and severance of a part only of that portion below such joint does not satisfy the condition.

Respondent relies upon a line of authority, which, in construing similar language to that of this policy awarded recovery to the insured for the loss of the functional use of a hand.[1] However, we choose not to follow this line of

---

[1] *Crawford v. Lloyds London*, 275 Cal. App. 2d 524, 80 Cal. Rptr. 70 (1969); *Westenhover v. Life & Cas. Ins. Co.*, 27 So. 2d 391 (La. App.

authority. Black's Law Dictionary (4th ed. 1968) citing *Muse v. Metropolitan Life Ins. Co.*, 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939) defines "sever" as:

> To separate, as one from another; to cut off from something; . . . to part in any way, especially by violence, as by cutting, rending, etc.; as, to sever the head from the body; . . . to disjoin; . . .

The plain and ordinary meaning of the terms of this policy requires the conclusion that an individual who has not suffered a physical detachment of the hand, as a result of a severance occurring at a point at or above the wrist, is not entitled to recover within the terms of the aforementioned policy. *Pilling v. Metropolitan Life Ins. Co.*, 24 Tenn. App. 639, 148 S.W.2d 41 (1940); *Matthews v. Standard Life Ins. Co.*, 213 So. 2d 128 (La. App. 1968); *Muse v. Metropolitan Life Ins. Co.*, 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939).

As stated in Annot., 87 A.L.R.2d 481, at 502 § 5[b]:

> Even where there has been a severance resulting in the physical loss of part of the member, the courts in the following cases have found the language of policies referring to severance at a designated anatomical place to be unambiguous and to require that severance occur at the place designated in the policy or, when the language is susceptible of such interpretation, that severance be of the entire member, and these courts have denied recovery for partial physical loss of a member or for physical loss or other than to the extent stipulated in the policy, regardless of whether such partial physical loss has resulted in the entire destruction of the use of the member.

The language of the policy in issue requires an anatomical severance of the entire extremity; a loss of function or use is not sufficient to permit recovery.

Judgment reversed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied May 8, 1975.

Review granted by Supreme Court June 24, 1975.

1946); *Fuller v. Locomotive Eng'rs Mut. Life & Accident Ins. Ass'n*, 122 Mich. 548, 81 N.W. 326 (1899); *Beber v. Brotherhood of Railroad Trainmen*, 75 Neb. 183, 106 N.W. 168 (1905); *Sneck v. Travelers' Ins. Co.*, 95 N.Y. 94, 34 N.Y.S. 545 (1895); *Moore v. Aetna Life Ins. Co.*, 75 Ore. 47, 146 P. 151 (1915).