[No. 43765.    En Banc.    February 5, 1976.]

GERALD P. MORGAN, *Petitioner*, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Respondent*.

H. W. Felsted, for petitioner.

MacGillivray, Jones, Clarke, Schiffner & Johnson, by Frank Hayes Johnson and Randall L. Stamper, for respondent.

BRACHTENBACH, J.—This is an action to recover benefits within the terms of a life insurance policy issued by defendant Prudential Insurance Company. Plaintiff seeks review of the decision of the Court of Appeals reversing the judgment of the trial court which had allowed plaintiff to recover under the policy. Morgan v. Prudential Ins. Co. of America, 13 Wn. App. 323, 534 P.2d 581 (1975).

We reverse the Court of Appeals and reinstate the judgment of the trial court.

While operating a bookbinding machine at his place of employment, plaintiff's index and middle fingers of each hand, as well as a significant portion of each thumb, were permanently severed from his hands. At the time of the accident plaintiff was the named insured in two life insurance policies issued by defendant. Each of these policies contained the provision that

If any person insured under the policy . . .

sustains the loss by severance of both hands at or above the wrists . . . the Company will pay . . .

Each policy provided for benefits of $5,000 for a total of $10,000. The plaintiff sought recovery under the policies for the loss of his hands. The defendant insurer denied that the injuries to plaintiff's hands were covered by the terms of the policies because there had been no anatomical severance of the entire extremity at or above the wrist.

The trial court held in favor of plaintiff and allowed him to recover the amount of the policies, plus interest. In so holding, the trial court interpreted the term "loss," as used in the policies, to include loss of use or loss of function of the hand for all substantial and practical purposes. In addition, the trial court interpreted the term "severance" to refer to the manner, rather than to the exact extent of the loss. The Court of Appeals reversed the trial court, finding that the plain and ordinary meaning of the terms of the policy are that an individual who has not suffered a complete physical detachment of the hand by severance at a point at or above the wrist is not entitled to recover under the policy.

The precise issue which we must address is whether the language of the policy requires an anatomical severance of the entire extremity or, alternatively, a loss of function or use as a result of a substantial severance of the hands.

In construing the language of an insurance contract, the entire contract is to be construed together for the purpose of giving force and effect to each clause. A contract of insurance should be given a fair, reasonable, and sensible construction, consonant with the apparent object and intent of the parties, a construction such as would be given the contract by the average man purchasing insurance. *Ames v. Baker*, 68 Wn.2d 713, 415 P.2d 74 (1966). The contract should be given a practical and reasonable rather than a literal interpretation; it should not be given a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion, or

render the policy nonsensical or ineffective. *Philadelphia Fire & Marine Ins. Co. v. Grandview*, 42 Wn.2d 357, 255 P.2d 540 (1953); 44 C.J.S. *Insurance* § 296 (1945).

The pertinent rules are simple enough. If the policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity where none exists. *Tucker v. Bankers Life & Cas. Co.*, 67 Wn.2d 60, 406 P.2d 628, 23 A.L.R.3d 1098 (1965). However, where the clause in the policy is ambiguous, a meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. *Glen Falls Ins. Co. v. Vietzke*, 82 Wn.2d 122, 508 P.2d 608 (1973); *Thompson v. Ezzell*, 61 Wn.2d 685, 379 P.2d 983 (1963). A policy provision is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Washington Restaurant Corp. v. General Ins. Co. of America*, 64 Wn.2d 150, 390 P.2d 970 (1964); *Selective Logging Co. v. General Cas. Co. of America*, 49 Wn.2d 347, 301 P.2d 535 (1956).

Looking at the language in this policy in light of these rules, we think it is not unreasonable to hold that the clause to indemnify the insured against "the loss by severance of both hands at or above the wrists" has reference not alone to an injury which involves a loss and severance of the entire hand in a strictly anatomical sense but, in addition, the effect, as well as the extent, of the loss by severance should be considered in determining whether, by the contract terms, the insured has suffered the loss of his hands. *Sneck v. Travelers' Ins. Co.*, 95 N.Y. 94, 34 N.Y.S. 545 (1895). To require a strictly literal interpretation of this provision without regard to the purpose of the contract or the understanding thereof by the insured, would be to hold that only in those cases where there has been a severance of the entire hand in the most precise anatomical sense could there be recovery. Such a conclusion is not required in this case.

There are basically two lines of cases construing such insurance policy provisions in other states. *See* 15 G.

Couch, *Insurance* § 53:14 (2d ed. R. Anderson 1966). There are no Washington cases on the subject; however, identical or substantially identical policy provisions have generated a fair amount of litigation in other jurisdictions. To attempt to reconcile the differing phraseologies employed by the insurance carriers and the judicial results generated therefrom would involve us in a lengthy discussion which we need not undertake. We simply do not find those cases relied upon by the Court of Appeals and defendant[1] convincing in light of what we deem to be the overriding factor here, and that is "the intent of the insured to provide for financial security in the event of the loss of use of" his hands, "thus precluding him from pursuing his livelihood." *Crawford v. Lloyds London*, 275 Cal. App. 2d 524, 530, 80 Cal. Rptr. 70 (1969).

In *Moore v. Aetna Life Ins. Co.*, 75 Ore. 47, 146 P. 151 (1915), the insured had most of the bones of his hand severed although a portion of his hand remained, including his thumb. At the time of the accident, the plaintiff was the named insured in a policy which provided for indemnity for the "loss of a hand by removal at or above the wrist." The court held the language was reasonably susceptible to two interpretations, and resolved the doubt in favor of the insured. In so holding, the court stated at page 53:

Now, in view of these salutary maxims of the jurists, let us consider the relations of the parties and the object which plaintiff had in view when he took out this policy. He had a good hand against losing the use of which he desired to insure. If he had been told the intent and meaning of the policy was such that if in case of a necessary amputation the surgeon should leave some useless shred of his hand to be a sources of annoyance and inconvenience, and thereby his policy would be practically worthless, does any sane person believe for a moment he would have taken out the policy? The substance of what he sought was insurance against the possible loss of his

[1]*Pilling v. Metropolitan Life Ins. Co.*, 24 Tenn. App. 639, 148 S.W.2d 41 (1940); *Matthews v. Standard Life Ins. Co.*, 213 So. 2d 128 (La. App. 1968); *Muse v. Metropolitan Life Ins. Co.*, 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939).

hand as a useful member of his body. Substantially he has lost his hand by removal at the wrist. In view of all the decisions, it is apparent that the words "by removal at or above the wrist" were introduced as a safeguard against possible fraud and to prevent a recovery in cases where there had been no substantial removal of the injured member; but here the hand, as a hand, is gone.

In accord with such an interpretation of this or similar policy provisions are *Crawford v. Lloyds London, supra; King v. Metropolitan Life Ins. Co.*, 20 Tenn. App. 246, 97 S.W.2d 651 (1936); *Beber v. Brotherhood of Railroad Trainmen*, 75 Neb. 183, 106 N.W. 168 (1905); *Westenhover v. Life & Cas. Ins. Co.*, 27 So. 2d 391 (La. App. 1946); *Sneck v. Travelers' Ins. Co., supra; Jones v. Continental Cas. Co.*, 179 N.W. 203 (Iowa 1920); *Life & Cas. Ins. Co. v. Peacock*, 220 Ala. 104, 124 So. 229 (1929).

We find the clause in this insurance contract to indemnify the insured upon sustaining "the loss by severance of both hands at or above the wrist" fairly susceptible to differing interpretations. So finding, we must construe it most favorably toward the insured. There can scarcely be any doubt as to the reasonableness of this view, for if the hands cannot function as useful members of the body, they are in fact lost as much as though actually completely severed from the body.

■ The approach which we have taken requires the trier of fact to make two determinations. First, there must be a loss of the use or function of the hands at the wrist for all substantial or practical purposes. Second, the loss must occur as the result of a substantial severance of the hands. Both of these determinations were made by the trial court in favor of recovery for the plaintiff. Where the trial court has weighed the evidence, our review is limited to ascertaining whether the findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law and the judgment. *Enterprise Timber, Inc. v. Washington Title Ins. Co.*, 76 Wn.2d 479, 457 P.2d 600 (1969). Our review of the record reveals that the judgment of the trial court is amply supported by the evi-

dence. Medical testimony at trial established that the plaintiff sustained approximately 80 percent impairment of each hand by reason of the accident which severed portions of his hand and fingers.

We therefore reverse the opinion of the Court of Appeals and reinstate the judgment of the trial court.

It is so ordered.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, UTTER, and HOROWITZ, JJ., concur.

WRIGHT, J. (dissenting)—I dissent. I adopt and approve all of the excellent opinion of the Court of Appeals, per Munson, J., 13 Wn. App. 323, 534 P.2d 581 (1975).

I would add only a few brief comments. I, too, feel sorry for the plaintiff. He did, in fact, suffer a grievous injury and one that will seriously impair his activity for the remainder of his life. Sympathy, however, is not a proper basis for the determination of litigation. Only facts and law should be considered.

Here the relevant facts are that plaintiff did *not* lose both hands. His hands were *not* severed "at or above the wrists."

The relevant law likewise is clear. An insurance policy is a contract. The courts may not rewrite a contract for the parties. Words are to be given their ordinary meaning. *State ex rel. Seattle v. Seattle Elec. Co.*, 71 Wash. 213, 215, 128 P. 220 (1912). In that case we said in part: "It is one of the first rules of statutory construction, applying to contracts as well, that words are to be taken in their common or ordinary meaning."

While an insurance company prepares the policy (contract) and is responsible for the language therein, that is only to be considered if there is an ambiguity. Here there is no ambiguity. Insurance companies, too, have rights. Such a company has the same right that is possessed by any other contracting party to rely upon the plain language of its contract, and to rely that it can limit its liability by the plain language of its contract.

I would affirm the Court of Appeals in reversing the trial court.

HUNTER, J., concurs with WRIGHT, J.