[No. 6336-1-II.   Division Two.   March 7, 1984.]

WILLIS D. NEER, *Appellant*, v. FIREMAN'S FUND AMERICAN LIFE INSURANCE COMPANY, *Respondent*.

*James E. Warme,* for appellant.

*Donald L. Donaldson,* for respondent.

REED, J.—Willis D. Neer appeals the summary judgment dismissing his complaint for benefits under his accident

policy issued by Fireman's Fund American Life Insurance Company.

The facts are undisputed. On July 8, 1981, Neer was helping a neighbor top a tree. He fell out of the tree when the limb on which he was standing suddenly broke. His spinal column was severed in the fall, resulting in Neer's permanent paralysis from the waist down.

At the time of the injury, Neer had in effect a policy of accident insurance with Fireman's Fund. He filed a claim for the principal sum of the policy, $150,000, under the policy's coverage for the loss of both feet. The policy defines loss in this context as "complete severance through or above the ankle joint." Fireman's Fund denied that the policy covered the kind of injury and loss that Neer suffered. Neer brought this suit against Fireman's Fund, claiming that the policy provision governing the loss of both feet was ambiguous and should be construed in his favor. We affirm the trial court's dismissal of the action.

Neer presents a grammatical dissection of the policy language. The precise language at issue is the definition of loss: "'Loss,' as used above with reference to . . . foot [loss of both feet], means complete severance through or above the . . . ankle joint." Neer points out that the policy contains no definition of severance. Turning to the dictionary for the ordinary meaning of severance, Neer correctly shows that severance does not necessarily mean amputation or dismemberment but simply a parting by violence. Neer then analyzes the phrase "complete severance through or above the ankle joint." Because there is no object of the word "severance," i.e., the phrase is not "severance of both feet," Neer concludes that all the policy requires is a severance, not amputation, of some bone or bone joint above the ankle. The severance of Neer's spinal column satisfies this requirement, according to Neer.

Recognizing that an ordinary broken leg would be a covered event within this interpretation of the policy language, Neer redefines loss as loss of use. This construction is based principally on his conclusion that the parties' intent was to

insure Neer against the loss of his ability to use his feet as a result of a traumatic injury.

■ The rules governing the interpretation of contracts are well known. A contract of insurance should be given a fair, reasonable and sensible construction, consonant with the apparent object and intent of the parties—a construction such as would be given the contract by the average person purchasing insurance. *Ames v. Baker,* 68 Wn.2d 713, 415 P.2d 74 (1966). If the policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity where none exists. *Tucker v. Bankers Life & Cas. Co.,* 67 Wn.2d 60, 406 P.2d 628, 23 A.L.R.3d 1098 (1965). A policy provision is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Washington Restaurant Corp. v. General Ins. Co. of Am.,* 64 Wn.2d 150, 390 P.2d 970 (1964). Where the clause in the policy is ambiguous, a meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. *Glen Falls Ins. Co. v. Vietzke,* 82 Wn.2d 122, 508 P.2d 608 (1973); *Thompson v. Ezzell,* 61 Wn.2d 685, 379 P.2d 983 (1963).

■ We do not find Neer's interpretation reasonable and hence have no reason to apply the rule that ambiguities are construed in favor of the insured. An average person purchasing insurance would believe after reading the phrase "'[l]oss' . . . means complete severance through or above the . . . ankle joint" that physical detachment of the feet is necessary. Although the policy may not state that the object of severance is the feet, it is clearly and unambiguously understood. Neer's loss of use argument is unpersuasive in view of the definition of loss explicitly set forth in the policy and the necessity for detachment of the feet from the body.

Neer relies upon a line of cases, including *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 545 P.2d 1193 (1976), and cases cited therein which hold that severance of a substantial part of the hands or feet coupled with their

loss of use is covered by a policy requiring severance at or above the wrist or ankle joints. In *Morgan,* the insured lost the thumb and two fingers of each hand in an industrial accident. Prudential denied coverage under a policy provision requiring loss by severance of both hands at or above the wrists. The court held that the policy did not require a strict anatomical severance of the hands at the wrist but that the loss of use of both hands as a result of a substantial severance of the hands would suffice. Neer cannot bring himself within this rule. Although loss of use is clearly present, Neer has not suffered even a partial severance of the feet from his body. Under both the *Morgan* rule and the Fireman's Fund policy, some physical detachment of the feet is required.

Our interpretation of this provision of the Fireman's Fund policy is in accord with decisions of other jurisdictions on similar facts. *See Cunninghame v. Equitable Life Assur. Soc'y of United States,* 652 F.2d 306 (2d Cir. 1981); *Juhlin v. Life Ins. Co. of N. Am.,* 301 N.W.2d 59 (Minn. 1980); *Sitzman v. John Hancock Mut. Life Ins. Co.,* 268 Or. 625, 522 P.2d 872 (1974); 15 G. Couch, *Insurance* §§ 53:11, 53:13 (1983). Neer would distinguish these cases. He claims that the insureds in those cases, also paralyzed from spinal column injuries, made no claim of severance, merely neurological damage resulting in loss of use. This is not accurate. In each case a fracture of the spine or severance of the spinal column was alleged. Coverage under similar policy language was denied in each case.

We find no basis for extending the Fireman's Fund policy to cover Neer's unfortunate accident. The judgment of dismissal is affirmed.

PETRICH, C.J., and WORSWICK, J., concur.

Reconsideration denied April 2, 1984.

Review granted by Supreme Court June 8, 1984.