109 Wn.2d 738 (1988)
747 P.2d 1091
RICHARD W. STANLEY, Respondent,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Petitioner.
No. 53670-8.
The Supreme Court of Washington, En Banc.
January 7, 1988.
*739 Huppin, Ewing & Anderson, P.S., by Irving Paul, for petitioner.
Fred C. Pflanz, James P. Connelly, and Winston & Cashatt, for respondent.
BRACHTENBACH, J.
The issue is whether the loss of function of a foot caused by an accidental severance of the spinal cord comes within the coverage of an insurance policy which provides payment for "loss of ... a foot if the loss was by actual severance at or above ... the ankle joint"? We hold that benefits are payable.
Plaintiff was injured while jogging when he was struck by an automobile. He suffered an immediate loss of motor power and sensation distal to the umbilicus area. An undisputed medical report reveals a 1-centimeter subluxation of the body of the 12th thoracic vertebra on the first lumbar. The report concludes that the plaintiff has a functional severance of the spinal cord with resulting permanent paralysis, including paralysis of the feet.
The trial court granted summary judgment to defendant Safeco Insurance Company of America. The Court of Appeals reversed by an unpublished opinion, Stanley v. Safeco Ins. Co. of Am., noted at 46 Wn. App. 1047 (1987). We affirm the Court of Appeals.
Safeco issued a group policy which provided coverage to the employees of 109 school districts and four associated educational entities. Plaintiff was a covered employee. The policy is 33 pages long and untitled. It provides noncontributory *740 life insurance and contributory supplemental life insurance. Additional coverage is provided on page 20 of the policy which is entitled "Accidental Death and Dismemberment Insurance".
The pertinent coverage provision of the policy is as follows:

 Loss Amount
 (Expressed as a % of the
 amount shown in the schedule)
...
One hand, one foot, or
sight of one eye 50%
More than one of the
above losses 100%
Conditions

...
2. Safeco will only pay for loss of ... a foot if the loss was by actual severance at or above ... the ankle joint.
There is no definition of "actual severance" or "loss of a foot."
The policy language establishes three conditions or events which must occur for there to be a benefit payable. First is what must happen, i.e., actual severance; second, where it must occur, i.e., actual severance at or above the ankle joint; third, the result, i.e., loss of a foot.
The essence of Safeco's argument is that the policy is a dismemberment policy which requires amputation of the foot as a condition of coverage. Focusing on the caption or title of the policy coverage page, it distinguishes Neer v. Fireman's Fund Am. Life Ins. Co., 103 Wn.2d 316, 692 P.2d 830 (1985) and Morgan v. Prudential Ins. Co. of Am., 86 Wn.2d 432, 545 P.2d 1193 (1976), both of which were relied upon by the Court of Appeals.
In Morgan the life insurance policy provided payment for "the loss by severance of both hands at or above the wrists". Morgan, at 434. The court held that an insurance policy should be given a practical and reasonable rather *741 than a literal interpretation; that is, a fair and sensible construction, consonant with the apparent object and intent of the parties; a construction such as would be given by the average person purchasing insurance. Morgan, at 434. If the policy is ambiguous, a meaning and construction most favorable to the insured must be applied. Morgan, at 435. A policy provision is ambiguous when it is fairly susceptible to two different interpretations, both of which are reasonable. Morgan, at 435.
In Morgan we held that the policy language required for coverage must be a loss of use or function of the hands at the wrist for all substantial or practical purposes which must occur as a result of the substantial severance of the hands. Morgan, at 437. We did not consider the effect of the type of policy in which the coverage was provided, nor the caption of the particular loss provision involved. Morgan establishes that a "loss" may occur as a result of loss of use or function.
[1] In Neer we construed a "Loss of Life Accident Indemnity" policy which provided coverage for loss of both feet. "Loss" was defined as "`complete severance through or above the ... ankle joint.'" Neer, at 317-18. The insured, as a result of an accident, lost all nerve and muscle function below his mid back. The doctors could not prove that there was actual severance of the spinal cord, but knew there was no function below mid back. Similarly in this case the doctor, absent surgery, could not be certain of actual severance of the spinal cord, but the substantial subluxation together with all loss of use and function led him to conclude that plaintiff was completely and permanently paralyzed.
In Neer we held that the policy was not ambiguous, but found there was coverage because severance did not require amputation. Like the policy involved here, the Neer policy language requiring "complete severance" had no object after it. Like this policy, the policy involved in Neer provided only where severance must occur, not what must be severed.
In Neer, we distinguished cases from other jurisdictions *742 on the basis that the policies involved in those cases were for dismemberment, or for loss described as dismemberment. Neer, at 319. The distinctions drawn in Neer, however, are not controlling here. For example, cases involving policies where the coverage required dismemberment are not in point. Similar policy language has been construed differently. See Annot., Accident Insurance: What is "Loss" of Body Member, 51 A.L.R.4th 156 (1987). A more liberal construction of such provisions is dictated by the rationale of Morgan and Neer.
[2] Safeco would have us deny coverage here on the basis of the language in the caption at the top of the coverage page entitled "Accidental Death and Dismemberment Insurance". Thus, Safeco focuses on the heading or caption of the coverage page as limiting the operative words in the body of the policy.
As discussed above, the language in the body of the policy provides what must occur (loss of foot) and how or where the loss is sustained (actual severance at or above the ankle joint). Safeco's interpretation would modify the language of the body of the policy by taking from the caption the word "dismemberment" and inserting it in the coverage language. If carried to its logical extreme the caption would provide coverage only for "accidental death and dismemberment."
We conclude that under the rationale of Morgan and Neer the language in the body of the policy is not ambiguous; it covers the plaintiff's loss. Even if the caption is a controlling part of the coverage language, the provision becomes ambiguous and is construed against Safeco. It has long been our rule that the caption "should never of itself be taken to override the intention of the parties to an insurance policy as shown by the provisions and clauses inserted thereunder." National Indem. Co. v. Giampapa, 65 Wn.2d 627, 633, 399 P.2d 81 (1965), quoting Thompson v. State Auto. Mut. Ins. Co., 122 W. Va. 551, 558, 11 S.E.2d 849 (1940).
The Court of Appeals is affirmed; the matter is remanded *743 to the trial court for entry of judgment consistent with this opinion.
PEARSON, C.J., and UTTER, DORE, ANDERSEN, and GOODLOE, JJ., concur.
DURHAM, J. (dissenting)
In Morgan v. Prudential Ins. Co. of Am., 86 Wn.2d 432, 545 P.2d 1193 (1976), this court held an insurance company liable under a contract providing coverage for "loss by severance of both hands at or above the wrist" when a substantial part of the insured's hands (two fingers and a significant portion of the thumb) had been severed. Though the severance had not occurred "at or above the wrist", there was "a loss of the use or function of the hands at the wrist for all substantial or practical purposes", and thus "a substantial severance of the hands." Morgan, at 437.
Whatever the merits of this construction, it undeniably requires that when coverage is provided for "loss by severance" of a body member, "the loss must occur as the result of a substantial severance" of the member in order for the insured to be entitled to benefits. Morgan, at 437. Neer v. Fireman's Fund Am. Life Ins. Co., 103 Wn.2d 316, 692 P.2d 830 (1985) did not change this requirement of "substantial severance." In Neer, the court permitted an insured who had been paralyzed when his spinal cord was severed to recover under a clause in a "Loss of Life Accident Indemnity" policy providing coverage for a loss of both feet by "complete severance through or above the ... ankle joint." Neer, at 317-18. The court acknowledged the existence of cases from several jurisdictions denying coverage in similar circumstances. In these cases, policy language substantively identical to that at issue here and in Neer was held not to provide coverage when the insured suffered a spinal injury causing the loss of use of a foot, but the foot had not in any way been severed. The Neer court distinguished these cases as involving "Accidental Death and Dismemberment" policies, in contrast with the "Loss of Life Accident Indemnity" *744 policy at issue in Neer. Because the policy at issue in Neer was not a dismemberment policy, the court held it did not require severance of the feet for coverage to apply. Neer, at 318-19.
The majority in this case attempts to use Neer to erase the word "severance" from the insurance policy at issue here. The majority's reasoning actually is inconsistent with Neer,[1] however. It also is inconsistent with established principles of insurance contract interpretation and, ultimately, with its own logic. Because the construction the majority gives the policy at issue in this case is unsupportable in law or logic, I dissent.

I
Richard Stanley was struck from behind by an automobile while jogging in 1984. As a result of the accident, he is paralyzed from the chest down. It is not certain whether his spinal cord was actually severed, but his condition suggests a "functional severance".
Mr. Stanley was insured by Safeco under a group insurance policy issued to Mr. Stanley's employer. The provisions pursuant to which he seeks coverage in this action are contained in a section of the group insurance policy entitled "Accidental Death and Dismemberment Insurance". This section provides:
Safeco will pay if an employee suffers any of the following losses due to injury: ... [o]ne hand, one foot, or sight of one eye ...
...
Conditions
...
2. Safeco will only pay for loss of a hand or a foot if the loss was by actual severance at or above the wrist joint or the ankle joint.
As the court observed in Neer, dismemberment policies generally have been held to require severance of the body *745 member itself for coverage to apply. Neer, at 318-19. The majority in this case rejects the idea that Safeco's policy is a dismemberment policy, however, and refuses to "modify the language of the body of the policy by taking from the caption the word `dismemberment'". Majority opinion, at 742.
The majority's decision to ignore the caption in the Safeco policy is directly inconsistent with established principles of insurance contract construction. "In construing the language of an insurance contract, the entire contract is to be construed together for the purpose of giving force and effect to each clause." Morgan, at 434. We look at both the text and the captions in a policy to determine the policy's coverage. See Greer v. Northwestern Nat'l Ins. Co., 109 Wn.2d 191, 198-99, 743 P.2d 1244 (1987).
The language of Safeco's policy provisions thus must be considered in light of the heading under which those provisions appear, "Accidental Death and Dismemberment Insurance". This heading is part of the contract. The average person purchasing insurance, to whose understanding of the contract we must conform our interpretation, Morgan, at 434; Greer, at 198, would not ignore the heading, but would consider it descriptive of the coverage provided; the heading informs the insured of the intent of the provisions it covers, just as the caption title in this case informs readers of the majority's opinion of the identity of the party the majority refers to only as "plaintiff". As the caption in Mr. Stanley's policy makes clear, therefore, the provisions at issue here provide coverage only for "dismemberment".
Indeed, the policy at issue in this case is no less a dismemberment policy than a policy described as such in Neer. In Sitzman v. John Hancock Mut. Life Ins. Co., 268 Or. 625, 522 P.2d 872 (1974), the court held that a group insurance policy providing coverage, in a section entitled "Accidental Death and Dismemberment Indemnity", for loss of both feet "by actual severance through or above the ... ankle joint", did not cover the insured who was paralyzed as the result of severance of his spinal cord. Sitzman, *746 at 627. The only evidence in the opinion that the policy was a dismemberment policy was the caption quoted above. Yet this court in Neer described the policy at issue in Sitzman as an "Accidental Death or Dismemberment policy". Neer, at 318. It is inexplicable why to the court in Neer the policy in Sitzman was a dismemberment policy, but to the majority in this case the policy at issue here is not.[2]
Safeco's policy is for dismemberment, and requires "actual severance". If it only required "severance", most courts would deny coverage when, as in this case, the body member has not been severed. See Reid v. Life Ins. Co. of North Am., Inc., 718 F.2d 677, 680-81 (4th Cir.1983) (citing cases). The result would be the same, and more surely so, if the policy required "actual severance" but was not clearly a "dismemberment" policy. Reid, at 681-82 (so holding and citing cases); Francis v. INA Life Ins. Co., 809 F.2d 183, 185-87 (2d Cir.1987) (same). But here, where the policy clearly is intended as dismemberment insurance, and contains the more restrictive "actual severance" language, the majority holds that there is coverage even though no severance at all has occurred. Citing no case in accord with its holding, the majority apparently puts this court in conflict with every other court that has addressed this question. See Annot., Accident Insurance: What is "Loss" of Body Member, 51 A.L.R.4th 156, 180-203 (1987).

II
The majority must stretch and strain the language of Safeco's policy to reach its novel construction. The majority's opinion pretends a careful exegesis of the policy language.
The policy language establishes three conditions or events which must occur for there to be a benefit payable. *747 First is what must happen, i.e., actual severance; second, where it must occur, i.e., actual severance at or above the ankle joint; third, the result, i.e., loss of a foot.
Majority opinion, at 740. The majority has difficulty adhering to its own analytic scheme, however. Struggling to portray Safeco's policy as providing something different from dismemberment insurance, the majority suddenly departs from its earlier explanation of the policy's coverage. Whereas the "what" first was "actual severance", now it becomes "loss of foot", majority opinion at 742, and the severance language is simply ignored.

III
Mr. Stanley's injury was tragic, and his loss a terrible one. But nothing this court can do  consistent with law and logic  can change the fact that the provisions of Safeco's policy at issue here do not cover Mr. Stanley's loss. This suit should be dismissed.
DOLLIVER and CALLOW, JJ., concur with DURHAM, J.
NOTES
[1] I do not intend to imply by anything said herein that I approve of the holding in Neer. My reliance on this precedent merely points out the majority's departure from it.
[2] The Neer court also described as dismemberment insurance a policy at issue in Reid v. Life Ins. Co. of North Am., Inc., 718 F.2d 677 (4th Cir.1983), notwithstanding that the opinion in Reid describes the policy as one for "accident insurance" and does not quote the word "dismemberment" from the headings or text of the policy.