[No. 21760-7-I.   Division One.   August 10, 1988.]

THE STATE OF WASHINGTON, *on the Relation of Scott Eugene Slusser, Respondent,* v. BILL BILLET, *Appellant.*

*Robert H. Stevenson,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Laura A. Banks, Deputy,* for respondent.

PER CURIAM.—Bill Billet appeals from the Superior Court's order and judgment of paternity declaring him to be Scott Slusser's father and directing him to pay child support. Billet complains that the State, while bringing the paternity action on behalf of the child, also represented the interests of the mother, denying him his constitutional right to equal protection. Because we find the State was not acting as the mother's legal representative, we do not reach the constitutional question, and we affirm the judgment.

On May 10, 1985, the State of Washington commenced a paternity action against Billet on behalf of Scott Eugene Slusser. After hearing argument of counsel on the issue, the trial court concluded the State represented the child and Slusser represented herself. The court found Billet to be the child's father and ordered him to pay retroactive support as well as monthly support payments in the future.

██ An appellate court will not substitute its judgment for a trial court's finding of fact. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 575, 343 P.2d 183 (1959). The trial court's finding is presumptively correct. *Smith v.*

*Shannon,* 100 Wn.2d 26, 35, 666 P.2d 351 (1983). The scope of review of a trial court's findings of fact is

limited to determining whether the findings are supported by substantial evidence . . . Substantial evidence is evidence of sufficient quantum to persuade a fair-minded person of the truth of the declared premise. *Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978); *Morgan v. Prudential Ins. Co.,* 86 Wn.2d 432, 545 P.2d 1193 (1976).

*Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 372–73, 617 P.2d 704 (1980).

Here there is substantial evidence that the mother represented herself pro se and was not a client of the State. The summons indicated that while the State had commenced the lawsuit to secure support for the child, the mother nonetheless had the right to request different relief and had the right to independent counsel. The mother filed three appearances indicating she was proceeding pro se. She appeared at the paternity hearing and, after full examination by the court, declared she wished to proceed pro se. The State denied that it represented Slusser. Finally, by statute, the mother is a statutory party to the action and may not represent the minor child. RCW 26.26.090(1).

■ Appellant argues that because the mother was passive in the paternity proceeding, deferring to the prosecutor's conduct in the proceeding, the State should be deemed to have represented her. The mother made no opening or closing statements at the paternity hearing and deferred to the State only because her interests and the child's interests were similar and she was apparently satisfied that the State adequately and fully represented the child's interests. Since she agreed with the position advanced by the State, she was not required to waste judicial time with redundant arguments and examination of witnesses. Her actions were not inconsistent with pro se representation.

The mother did accept one piece of advice from the prosecutor—not to waive signing her deposition. Such an

act does not necessarily establish the existence of an attorney/client relationship. Different attorneys for clients of like interests in multiple party litigation often give and take each other's advice. Moreover, while the existence of an attorney/client relationship may be inferred from conduct, the crux of the issue, however, is whether the client either believes or intends that such a relation exists. *See in re McGlothlen*, 99 Wn.2d 515, 522, 663 P.2d 1330 (1983) (existence of privilege depends on whether attorney/client relation exists which in turn is largely a question of client's subjective belief); *see also Heidebrink v. Moriwaki*, 38 Wn. App. 388, 394, 685 P.2d 1109 (1984) (essence of privilege is client's intent at the time of communication), *rev'd on other grounds*, 104 Wn.2d 392, 706 P.2d 212 (1985).

Here there is no evidence that the mother sought legal advice from the prosecution or subjectively believed that she was a "client." Quite to the contrary, all the evidence suggests that she understood herself to be a separate party from her child. The fact that she accepted a prosecutor's gratuitous recommendation not to waive signature of a deposition does not give rise to the inference of an attorney/client relationship. Because there is substantial evidence to support the court's finding that the mother was represented pro se in this action and was not represented by the State, we affirm the trial court's order. *Brown,* at 372–73.

Review denied by Supreme Court January 10, 1989.