[No. 17786-2-II.   Division Two.   June 28, 1996.]

KAREN J. CALLAHAN, *Individually and as Personal Representative, Appellants,* v. STATE FARM LIFE INSURANCE COMPANY, *Respondent.*

*Bertha B. Fitzer,* for appellants.

*Michael J. Gainer* and *Julin, Fosso, Sage, McBride & Mason,* for respondent.

BRIDGEWATER, J. — Karen J. Callahan appeals from the grant of State Farm's motion for summary judgment, which ordered that coverage for the suicide of Michael E.

Callahan was limited to the amount of limited death benefits previously tendered by State Farm. We hold that the "issue date" is unambiguous and affirm.

The Callahans purchased a life insurance policy from State Farm. Under its terms, if the insured died by suicide within two years of the *issue date* of the policy, death benefits would be limited to premiums paid minus any dividends. This provision is permitted by RCW 48.23.260, which authorizes insurers to limit liability in that precise fashion.[1] The policy stated that March 2, 1989, was the *issue date*. The Callahans applied for insurance on January 16, 1989; a premium notice was dated February 1, 1989; and the policy was issued on March 2, 1989 — the *issue date*. Mr. Callahan committed suicide on February 13, 1991 — within two years of the issue date. Mrs. Callahan filed a declaratory judgment action, and State Farm prevailed on a motion for summary judgment.

We review this action de novo. *Adams v. Thurston County*, 70 Wn. App. 471, 474-75, 855 P.2d 284 (1993). We also construe insurance contracts de novo. *See State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). Where the policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity where none exists. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976).

Mrs. Callahan argues that "issue date" is ambiguous and invites the use of another date, the date of the premium notice for purposes of construing the suicide clause. She contends that because there are several dates listed in the policy ("policy date," "anniversary date," "ef-

---

[1]RCW 48.23.260 states in pertinent part:

(1) The insurer may in any life insurance policy . . . limit its liability to a determinable amount not less than the full reserve of the policy and of dividend additions *thereto in* event only of death occurring:

. . . .

(b) As a result of suicide of the insured, whether sane or insane, within two years from the date of issue of the policy.

fective date," and "issue date"), "issue date" is ambiguous. However, the "issue date" is clearly set forth as March 2, 1989, without verbiage. It could not be more clear; there is no ambiguity as to when the suicide clause would begin to run. The argument concerning ambiguity is meritless. In addition, there is no claim or evidence of bad faith, fraud, or delay in State Farm issuing the policy.

We affirm.

MORGAN and ARMSTRONG, JJ., concur.