NOT FOR PUBLICATION

FILED

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| EDWIN C. MCRORY, a Washington resident; WILLIAM RADEMAKER, Jr., Washington citizen, | ) ) ) ) | No. 11-36084 <br><br> D.C. No. 2:10-cv-02095-RAJ |
| Plaintiffs – Appellants, | ) ) ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| CATLIN SPECIALTY INSURANCE COMPANY, a foreign insurance company, | ) ) ) ) | |
| Defendant – Appellee. | ) ) | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 4, 2013[**]
Seattle, Washington

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Edwin C. McRory and William Rademaker, Jr., appeal the district court's grant of summary judgment to Catlin Specialty Insurance Company (Catlin) on their claims that Catlin, the insurer on a directors and officers policy (the Policy), denied coverage and refused to defend. We affirm.

McRory and Rademaker issued personal guarantees for a loan that Washington Trust Bank made to the company for which they were directors, PFH, Inc. We agree with the district court that when the policy terms are given a "fair, reasonable, and sensible construction,"[1] and interpreted in a manner that an average person reasonably would,[2] the Policy does not cover the giving or breach of obligations under the individual personal guarantees in this case. In no reasonable sense could it be thought that the guarantees were encompassed by the Policy terms. The guarantees were purely individual and were not actions by McRory and Rademaker in their director capacities. Washington Trust did not sue them because they were directors; it sued them because they were guarantors.

---

[1]Overton v. Consol. Ins. Co., 38 P.3d 322, 325 (Wash. 2002); see also Morgan v. Prudential Ins. Co. of Am., 545 P.2d 1193, 1195 (Wash. 1976) (construction must not be "strained or forced," beyond the fair reach of the policy terms, absurd, or nonsensical); Odessa Sch. Dist. No. 105 v. Ins. Co. of Am., 791 P.2d 237, 239–42 (Wash. Ct. App. 1990) (liberal construction used).

[2]Boeing Co. v. Aetna Cas. & Sur. Co., 784 P.2d 507, 513 (Wash. 1990); CLE Elum Bowl, Inc. v. N. Pac. Ins. Co., Inc., 981 P.2d 872, 875 (Wash. Ct. App. 1999).

By the same token, nothing in the Policy terms or in the claims made against McRory and Rademaker by Washington Trust subtended a duty on the part of Catlin to defend the action against them.  See Truck Ins. Exch. v. Vanport Homes, Inc., 58 P.3d 276, 281–82 (Wash. 2002).

AFFIRMED.